■ In the Matter of ERIC D. LEE. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: Eric Lee was born April 27, 1975. On April 28, 1976, after a protective complaint was filed, his mother, respon-

dent Jeanette Lee, voluntarily surrendered him to the Monroe County Department of Social Services and the agency placed him in foster care. At the time of the surrender, his mother was 17 years old and agency workers assisted her in arranging visitation and in planning her future with the baby. Tentative plans were made by the mother and her caseworker to return Eric on December 29, 1976 but these failed when the mother was arrested and confined to jail. It will serve no useful purpose to detail the contacts between agency, mother and child thereafter. On October 27, 1977 the agency filed a petition pursuant to section 392 of the Social Services Law seeking review of foster care status by Family Court. A hearing was scheduled for December 15, 1977. There is some question whether the mother received legal notice of that proceeding. She did not appear on the return date but the record indicates that she was represented by counsel. As a result of that proceeding, Judge Corbett issued an order dated January 6, 1978 in which he found that petitioner's home was not suitable for return of the infant. He ordered that voluntary placement with the agency continue temporarily and that the child remain in foster care until further order of the court. On October 18, 1977 the agency filed the petition in this guardianship proceeding seeking to terminate the mother's parental rights because of "permanent neglect" (Social Services Law, § 384-b) and thereafter, on December 2, 1977, the mother demanded her son's return. The statute provides that upon receipt of such a notice, the agency shall return the child to the mother within 20 days "unless such action would be contrary to court order entered at any time prior to the expiration of such twenty day period pursuant to section three hundred eighty-four-b [termination of parental rights because of permanent neglect or abandonment] or section three hundred ninety two [periodic review of foster care] of this chapter or article six or article ten of the family court act" (Social Services Law, § 384-a, subd 2). No court order was entered staying redelivery of the infant after the demand or prior to the expiration of the 20-day period and the agency clearly violated the statute's command. The purpose of the legislation is to protect parents voluntarily surrendering an infant for an indeterminate term and to assure them of the infant's prompt return once consent is revoked. It is not for the agency to override the mother's wishes for return of her child. There must be an appropriate court determination before the child may be withheld by the agency against the parents' wishes. There things stood until the hearing on the guardianship was concluded on November 8, 1978. At that time Judge Cornelius of Monroe County Family Court held that the agency had failed to sustain its burden of establishing permanent neglect and dismissed the petition (Social Services Law, § 384-b, subd 7). He did not order return of the child, however. A few days later, in the absence of Judge Cornelius, an order was executed by Judge Rosenbloom implementing Judge Cornelius' oral decision, and on November 17, 1978 Judge Cornelius signed his own order dismissing the agency's petition "without prejudice". It is these two orders that are before us on this appeal. Return of the infant has been stayed pending our decision. Judge Cornelius made a factual determination and while the evidence in the record before us is open to conflicting inferences and interpretations, we find no basis for reversal. In affirming, however, we point out that there remains in existence the order of Judge Corbett entered January 6, 1978 which continues temporary custody in the agency. That order served a decidedly different purpose from the petition before Judge Cornelius which sought to terminate the mother's right permanently. Family Court has jurisdiction of the infant because of Judge Corbett's order and the statute pursuant to which it was

issued (Social Services Law, § 392, subd 10), and the infant therefore continues in its foster care. The agency, the mother or the foster parents may petition the court to change the infant's status, but no such petition having been filed, Judge Corbett's order remains in force not open to collateral attack in this appeal and unaffected by the orders of Judge Cornelius and Judge Rosenbloom. (Appeal from order of Monroe County Family Court—Family Court Act, art 6.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.