OPINION OF THE COURT
Anthony K. Pomilio, J.
This is a petition seeking the approval of foster care for the child, Bridget Ann Mehl, brought by the Oneida County Department of Social Services, pursuant to section 358-a of the Social Services Law. The child’s natural mother, Arlene Mehl, objects to such approval and requests that the child be returned to her.
On December 9,1981, Arlene Mehl executed a voluntary placement agreement temporarily transferring the custody and care of her child to the petitioner. Petitioner thereafter placed the child in foster care.
On January 19, 1982, petitioner filed the present petition seeking court approval of the foster care as mandated by section 358-a of the Social Services Law. The petition was returnable in this court on February 5, 1982. At that time, Arlene Mehl appeared and moved that petitioner’s *56 request for approval be denied and that her child be returned to her. She contends that she had done whatever was required to revoke the agreement.
Petitioner refuses to return the child to her mother and wishes to continue foster care placement.
We reserved decision on the motions and adjourned the matter until March 3, 1982, at which time we again reserved decision pending the submission of memoranda of law by all parties. Both parties have submitted such memoranda and we now decide the motion.
On December 9,1981, Arlene Mehl executed a voluntary placement agreement temporarily transferring the custody and care of her child to the petitioner. Pursuant to that agreement, care and custody of said child was to remain with the petitioner until:
“1. Mrs. Mehl will secure adequate housing (1 or 2 bedroom apartment)
“2. The apartment must have codes approval.
“3. Mrs. Mehl will budget public assistance grant and will pay rent accordingly, or indefinitely, until I (we) notify the commissioner in writing that I (we) revoke this instrument and request that the child be returned.”
During January, 1982, Mrs. Mehl leased an apartment which has been approved by the Utica City Department of Codes.
On February 8,1982, Arlene Mehl gave written notice to the petitioner that she was revoking the voluntary surrender agreement and that she was requesting that the child be returned to her. Petitioner has not returned the child, nor has petitioner sought any further order from this court.
I
An agreement, voluntarily executed by a parent, to temporarily transfer custody and care of her infant child to an authorized agency is governed by section 384-a of the Social Services Law. Subdivision 1 of that section provides in pertinent part: “1. Method. The care and custody of a child may be transferred by a parent * * * to an authorized agency by a written instrument in accordance with the provisions of this section.”
*57 This section allows for two types of voluntary surrender agreements, (1) those which provide that the child shall be returned by the agency upon a specific date or the occurrence of an identifiable event; and (2) those which do not specify when the child is to be returned. In the latter instance, the agency shall return the child upon the written request of the parent, unless contrary to court order.
The instrument which forms the basis of the present petition is ambiguous as to which type it is. The form on which the instrument is written is designed to provide for either type of surrender agreement. The portion which is inapplicable should then be deleted. However, neither portion is deleted. We shall, therefore, analyze the present instrument under the provisions governing both types of instruments.
A
Where the instrument provides that the child shall be returned upon a certain date, or the occurrence of an identifiable event, the following provision of subdivision 2 of section 384-a of the Social Services Law governs:
“[S]uch agency shall return such child at such time unless such action would be contrary to court order entered at any time prior to such date or event or within ten days thereafter pursuant to sectionts][1] * * * or unless and so long as the parent * * * is unavailable or incapacitated to receive the child.” (Emphasis supplied.)
Thus, where the surrender agreement specifies that the child shall be returned upon the occurrence of a specified event, the child shall be returned at such time unless, (1) a court order has been entered pursuant to which the child was not to be returned; or (2) the parent is unavailable or incapacitated.
The present surrender agreement specified that the child should be returned when, “Mrs. Mehl will secure adequate housing (1 or 2 bedroom apartment) 2.) the apartment will have codes’ approval.” This is an identifiable event. Thus, upon the occurrence thereof, the child should be returned to Mrs. Mehl unless one of the afore-mentioned exceptions applies.
*58 It is undisputed that Mrs. Mehl has obtained an apartment which was approved by the Utica City Department of Codes. It, therefore, appears that the event has occurred upon which the child should be returned.
Petitioner now argues that this court should not return the child until Arlene Mehl has resided in this apartment for at least six months. However, this condition was not agreed to by Mrs. Mehl, The agreement is clear that the child should be returned when Mrs. Mehl “secures” adequate housing. There is no requirement that she reside there for six months. We must read the agreement as it is written. The court may not alter that provision of the agreement entered into between these parties.
Subdivision 3 of section 384-a of the Social Services Law provides, “3. Amendment. The parties to the instrument or anyone acting on their behalf with their consent may amend it by mutual consent but only by a supplemental instrument executed in the same manner as the original instrument.”
Thus, the child may only be withheld from her mother if one of the exceptions apply.
There has been no court order entered to prohibit the return of this child, either prior to Mrs. Mehl’s having secured her apartment or within 10 days thereafter as the statute requires. (The petition for approval of foster care is brought pursuant to section 358-a of the Social Services Law which is not among those sections specified in section 384-a of the Social Services Law.) Thus, the exception invoked when the return of the child would be contrary to court order does not apply.
The second exception is triggered if the parent is unavailable or incapacitated to receive the child. Petitioner does not contend that either of these circumstances exist.
Thus, if the instrument is one which provides that the child shall be returned when the parent secures an apartment approved by codes, then the child must be returned to her mother since the agency has failed to obtain a court order to the contrary within the time limit specified, and there is no showing that the parent is unable to take the child.
*59 B
Where the instrument does not specify a date or identifiable event upon which the child shall be returned, the following provisions of subdivision 2 of section 384-a of the Social Services Law govern:
“such agency shall return the child within twenty days after having received notice that the parent * * * wishes the child returned, unless such action would be contrary to court order entered at any time prior to the expiration of such twenty day period pursuant to section[s][2]” (emphasis supplied).
In the instant case, it is undisputed that written notice that the parent wished to have the child returned was mailed to petitioner on March 8, 1982. It is further undisputed that no court order has been entered within the 20 days following petitioner’s receipt of such notice, nor at any time, through the present time, pursuant to which the return of the child to her mother not be permitted. (Again, this petition for foster care is brought pursuant to section 358-a of the Social Services Law which is not among those sections specified in section 384-a of the Social Services Law.)
Thus, to the extent that the instrument is one which is for an indefinite time, the child must be returned to her mother within 20 days after her request to have the child returned, since no court order to the contrary has been entered.
II
Thus, whether the voluntary surrender is construed as one which requires that the child be returned upon the occurrence of an identifiable event, or for indefinite time, and thus to be revoked upon written notice by the surrendering parent, the instrument has terminated and the child should be returned to her mother. If the petitioner had wished to withhold the child from her mother beyond the date the event occurred or the notice was received, they could have and should have sought an order pursuant to one of those sections specified in subdivision 2 of section 384-a of the Social Services Law. Since he failed to do so, he *60 is retaining custody of the child in violation of the clear mandate in section 384-a of the Social Services Law pursuant to which the child was surrendered.
The purpose of this section is to provide temporary assistance to parents who are experiencing some difficulty with the custody of the child. However, parents will only make use of this assistance as long as they can be assured that the child will be returned when they are ready to receive the child and have complied with the terms of the instrument. Parents will be reluctant to make use of this section, however, if they are required to litigate when it is time to have the child returned.
“The purpose of the legislation is to protect parents voluntarily surrendering an infant for an indeterminate term and to assure them of the infant’s return once consent is revoked. It is not for the agency to override the mother’s wishes for return of her child.” (Matter of Lee, 70 AD2d 775, 776.)
We, therefore, order petitioner to return the child to her mother. However, we stay the order until May 19,1982, at 11:00 a.m. and direct all parties be in court at that time to insure that the mother is available and not incapacitated at that time and that she continues to have adequate housing for the child.

. The sections listed do not apply to the present petition.

. Again, the sections listed do not apply to the present petition.