■ In the Matter of LILLIE MAE W. In the Matter of LESA W. and Another. In the Matter of LESA W. and Another.—Order unanimously reversed on the law without costs, petition to terminate parental rights dismissed, and matter remitted to Monroe County Family Court for a hearing on the habeas corpus petition, in accordance with the following memorandum: Petitioner obtained a writ of habeas corpus requiring production of her children Lesa and Christina in Family Court on September 19, 1983. She claimed that they were illegally withheld because she had properly revoked a voluntary placement for an indefinite time pursuant to Social Services Law § 384-a and she sought their immediate return. Inexplicably the record contains neither the placement documents nor the revocation but their existence is not disputed.

On the return date the children were produced in court. The habeas corpus petition was joined with two other pending proceedings, one for permanent termination of parental rights pursuant to Social Services Law § 384-b and one to review foster-care status of the children pursuant to Social Services Law § 392, and all matters were adjourned for three days. On September 22, the court determined that the mother was not entitled to immediate return of the children and that a hearing was required. Since common questions of law and fact were involved, he directed a consolidated trial. No written order embodying this determination appears in the record.

A trial was held in November 1983. Although the earlier court ruling had directed a consolidated trial, the only issues litigated related to the permanent termination petition. The court erred in granting permanent termination based on the mental illness of the mother. The evidence in the record was insufficient to establish by clear and convincing proof, as required by Social Services Law § 384-b (3) (g), that the mother was then and for the foreseeable future unable by reason of mental illness to provide proper and adequate care for these children, as required by Social Services Law § 384-b (4) (c); (6) (a).

It is clear from the record that the court erred in finding on September 22, 1983 that the children were properly retained by the Department of Social Services pursuant to Social Services Law § 384-a. Although the children were originally court-placed in 1976 as a result of a neglect finding, the placement was converted to a voluntary placement for an indefinite term pursuant to Social Services Law § 384-a in September 1980. Placement was thereafter reviewed periodically pursuant to Social Services Law § 392. An order pursuant to Social Services Law § 392, entered May 31, 1983, consented to by petitioner, continued the children's voluntary foster-care status until September 1, 1983.

On August 1, 1983, petitioner revoked her voluntary placement of Lesa and Christina. She obtained a writ of habeas corpus returnable on September 19, 1983.

Pursuant to Social Services Law § 384-a, the children were required to be returned within 20 days after the Department received notice that the mother wanted the children returned unless such action would have been contrary to a court order entered at any time prior to the expiration of such 20-day period pursuant to Social Services Law §§ 384-b or 392 or Family Court Act articles 6 or 10. The only such order was

one entered under Social Services Law § 392 on May 31, 1983 which continued placement until September 1, 1983. Thus the Department had no statutory authority to retain the children after September 1 *(see, Matter of Lee,* 70 AD2d 775).

The court erred in construing petitioner's consent to the section 392 order continuing placement until September 1 as a modification of the surrender instrument converting it to a placement for a definite time. Amendment requirements are specifically provided for in Social Services Law § 384-a (3). We note that no reason is apparent for the statutory distinction that return of a child is excused "unless and so long as the parent or guardian is unavailable or incapacitated to receive the child" if the placement is for a definite time, but not if it is indefinite.

There is no merit to the contention of the Department of Social Services that an order of Judge Willis made August 19, 1983 and entered September 7, 1983 constituted a basis to withhold the children, for two reasons. The order by its terms did not purport to order retention of these two children but merely adjourned the matter to September 19, 1983 before Judge Bonadio. Further, the written order was not entered until September 7 and the agency's authority expired September 1. The Department further contends that the pendency of a termination proceeding pursuant to Social Services Law § 384-b authorizes retention of the children over petitioner's objection. Such a provision was recommended by the Temporary State Commission on Child Welfare in 1976 but was not adopted *(see,* Children of the State: Barriers to the Freeing of Children for Adoption, 1976 Temporary State Commn on Child Welfare, Appendix I, at 12-13).

Inasmuch as the children have been in foster care for over nine years, since Lesa was three years old and Christina was one year old, it would be improper to determine their custody without a best interest hearing *(see, Matter of Bennett v Jeffreys,* 40 NY2d 543). This hearing must be held forthwith and shall take precedence over all other nonemergency matters in Monroe County Family Court. Pending the outcome of that hearing, custody of the children shall remain with the Department of Social Services. (Appeal from order of Monroe County Family Court, Bonadio, J.—terminate parental rights.) Present—Dillon, P. J., Callahan, Doerr, Denman and Pine, JJ.