■ In the Matter of MELINDA A., Appellant, v GREENE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [717 NYS2d 776] —Mercure, J. Appeal from an order of the Family Court of Greene County (Pulver, Jr., J.), entered August 2, 1999, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for visitation with her son.

Petitioner is the mother of a son (hereinafter the child) born in 1991. In 1995, a Florida court determined that petitioner had neglected the child by failing to properly protect him from abuse at the hands of her cohabitant. The court ordered that the child be placed with relatives and that petitioner undergo a series of parenting classes and counseling sessions, be evaluated by a psychologist and complete all recommended treatment. Although it is unclear whether petitioner successfully completed the court's treatment plan, the child was returned to her in August 1995 upon the express condition that he have no further contact with the individual who had abused him. Based upon petitioner's subsequent noncompliance with that condition, the Florida court removed the child from petitioner's custody and placed him with his maternal aunt, who resided in New York. The Florida court's order allowed petitioner to have visitation with the child for one four-hour period each month.

Sometime later, petitioner moved to New York. In November 1997, she petitioned Family Court for an order granting her more expansive visitation rights. During the pendency of that proceeding, and based upon the child's emergency admission to a psychiatric center and the advice of facility personnel that current visitation was not in the child's best interest, Family Court entered a temporary order dated January 23, 1998, continued by order dated February 18, 1998, prohibiting further visitation. Ultimately, the matter came on for a hearing and by final order entered August 31, 1998, Family Court prohibited contact between petitioner and the child on the basis of opinion evidence presented by professional caregivers at the child's residential facility, and the child was placed in the custody of respondent. Petitioner took no appeal from Family Court's August 31, 1998 order. In February 1999, petitioner filed the present petition, seeking to modify the August 1998 order so as to permit visitation with the child. In the absence of any showing of changed circumstances or evidence to support petitioner's allegations that the child desired to have visitation with her, Family Court denied the application. Petitioner appeals.

We affirm. As correctly observed by Family Court, the record provides no support for the allegation of the petition that the

child seeks to have visitation with petitioner. To the contrary, it appears that when the child speaks of his "mother," he refers to the maternal aunt who has been consistently involved in his life and his therapy sessions. Further, the testimony of the child's health-care providers makes it apparent that the introduction of a new person in the child's life would be detrimental to his therapy. Although the denial of visitation rights to a biological parent is a drastic remedy, and suspension of visitation rights by Family Court must be based on compelling reasons and substantial evidence that such visitation is adverse to the child's welfare (*see, Matter of Sullivan County Dept. of Social Servs. v Richard C.*, 260 AD2d 680, 682, *lv dismissed* 93 NY2d 958; *Matter of Kathleen OO.*, 232 AD2d 784, 786), the child's best interest is paramount (*see, Matter of Rogowski v Rogowski*, 251 AD2d 827; *De Pinto v De Pinto*, 98 AD2d 985). In this case, the evidence supports the conclusion that petitioner should have no further visitation until the child develops the emotional strength necessary to handle problems he may encounter in associating with petitioner, and that to permit visitation at this time would be detrimental to the child's therapy and development.

Cardona, P. J., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.