■ In the Matter of JOSHUA A., an Infant. GREENE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MELINDA A., Appellant. [733 NYS2d 815] —Mercure, J. P. Appeal from an order of the Family Court of Greene County (Pulver, Jr., J.), entered July 26, 2000, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 358-a, for approval of an instrument transferring care and custody of respondent's child to petitioner.

In 1995, a Florida court found that respondent had neglected her son, Joshua (born in 1991), and ordered that he be placed with his maternal great aunt in New York (*see, Matter of Melinda A. v Greene County Dept. of Social Servs.*, 278 AD2d 754). By order entered August 31, 1998, Family Court committed the child's care and custody to petitioner for the purpose of making a "long-term intensive residential placement" and prohibited contact between respondent and the child based upon the recommendation of professional caregivers at the child's residential facility (*see, id.*). In July 1999, that placement was continued for an additional one-year period to June 21, 2000. On August 2, 1999, Family Court denied respondent's petition for visitation with the child and, on appeal, this Court affirmed (*id.*).

The aunt subsequently requested that petitioner return the child to her custody. In response, Family Court terminated the child's foster care placement and placed the child in the "temporary custody" of the aunt effective November 29, 1999. On May 9, 2000, however, the aunt executed a voluntary placement agreement transferring the care and custody of the child back to petitioner for an indefinite period of time. Pursuant to Social Services Law § 358-a, petitioner applied to Family Court for approval of the voluntary placement. Following a hearing at which the aunt indicated that she was no longer able or willing to care for the child, Family Court approved the voluntary placement agreement. Respondent appeals, contending, as she did in Family Court, that the aunt lacked the capacity to execute the voluntary placement agreement.

We agree. Social Services Law § 358-a requires social services agencies to obtain judicial approval of voluntary placement agreements executed pursuant to Social Services Law § 384-a whenever the resulting foster care placements are expected to last more than 30 days (*see, e.g., People ex rel. Anne N. [Anna N.] v Nassau County Dept. of Social Servs.*, 152 AD2d 30, 37; *Matter of Curtis H.*, 112 Misc 2d 460, 462). Pursuant to Social Services Law § 358-a (1) (a), the court must make a determination that the placement of the child is in the

best interest of the child and that the requirements of Social Services Law § 384-a have been met. Social Services Law § 384-a in turn provides for the transfer of the care and custody of a child by a parent or guardian and the care of a child by any person to whom a parent has entrusted his or her care (Social Services Law § 384-a [1]). The statute is intended to " 'provide *temporary* assistance to parents who are experiencing some difficulty with the custody of the child' " rather than as a means of permanently denying a parent custody of the child (*People ex rel. Anne N. [Anna N.] v Nassau County Dept. of Social Servs., supra,* at 34, quoting *Matter of Mehl,* 114 Misc 2d 55, 60 [emphasis in original]).

In this case, the voluntary placement agreement was signed by the aunt, who is, of course, neither a parent, a guardian nor, as far as this record would reflect, a person to whom a parent entrusted the care of the child. Accordingly, the aunt lacked statutory authority to execute the voluntary placement agreement and it necessarily follows that Family Court erred in approving the agreement. We are unpersuaded by petitioner's contention that the aunt was the equivalent of a guardian by virtue of Family Court's December 16, 1999 order granting her "temporary custody" of the child. Based upon our review of that order, and considering that petitioner was at that time the child's legal custodian, we conclude that the order conferred upon the aunt nothing more than the status of a foster care provider.

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Greene County for further proceedings not inconsistent with this Court's decision.