■ In the Matter of FARRUGIA CHILDREN. FRANCIS FARRUGIA, Appellant; NEW YORK SOCIETY FOR THE PREVENTION OF CRUELTY TO CHILDREN, Respondent. — Leave to appeal from the order of the Family Court, New York County (Gartenstein, J.), entered on November 10, 1983, which, *inter alia,* denied petitioner father's application for visitation and for termination of child support, is granted, and upon appeal, said order of Family Court is modified, on the law and facts, to remand for a hearing on the issue of visitation, and otherwise affirmed, without costs.

While the order herein is not appealable as of right (Family Ct Act, § 1112; *Rizzo v Rizzo,* 31 AD2d 1001), we treat the appeal as including an application for leave to appeal and grant such application *nunc pro tunc (Bohen v Auerbach,* 51 AD2d 542).

The denial of visitation to a natural parent is a drastic remedy and should be done only where there are compelling reasons and substantial evidence that such visitation is detrimental to the children's welfare (*Parker v Ford,* 89 AD2d 806).

Here, it appears the determination of the Family Court was made solely upon the contents of a psychiatric report made

available to both parties. The report raises a question as to whether the present hostility of the children, now 13 and 15 years of age, to the father was somehow "transmitted" from the mother. Petitioner is entitled to a hearing under the circumstances. Concur — Sandler, J. P., Asch, Silverman and Fein, JJ.