■ In the Matter of WILLIAM R., Appellant, v JOSEPHINE R., Respondent.—Two orders, Family Court, New York County (Sheldon M. Rand, J.), entered September 7, 1989, which terminated petitioner's visitation rights and granted respondent an order of protection directing petitioner, among other things, to stay away from the child's school and afterschool program, unanimously affirmed, without costs.

Petitioner father, subject to prior orders of protection, commenced this proceeding pursuant to Family Court Act § 651 for visitation with his seven year old daughter. Respondent mother cross-moved to terminate all visitation and for an order of protection for both herself and the child. Both parties testified, as did a court appointed psychologist who had examined petitioner. The psychologist testified that petitioner may be suffering from either a delusional paranoid disorder, a paranoid personality disorder, or both. The court also considered written Mental Health Service reports containing diagnostic conclusions and recommendations based on interviews with the child and the parties. The court concluded that visitation would be inimical to the welfare of the child.

"The denial of visitation to a natural parent is a drastic remedy and should be done only where there are compelling reasons and substantial evidence that such visitation is detrimental to the children's welfare" *(Matter of Farrugia Children,* 106 AD2d 293). Here, the expert evidence, coupled with the court's assessment of the demeanor and testimony of the parties, provided a sufficient basis for the denial of visitation. While petitioner questioned the court's failure to appoint counsel at an earlier proceeding, no appeal was then taken, and the record reveals that petitioner was given the opportunity to adjourn the case and obtain counsel. Concur—Carro, J. P., Rosenberger, Wallach, Ross and Asch, JJ.