■ In the Matter of JOEY T. and Others, Children Alleged to be Neglected. MARIA T. et al., Respondents; JOSEPH B., Appellant.—In two child protective proceedings pursuant to Family Court Act article 10, Joseph B. appeals, as limited by his brief, from stated portions of an order of disposition of the Family Court, Queens County (De Phillips, J.) dated July 30, 1990, which, upon two fact-finding orders of the same court, both dated May 4, 1990, made after a hearing, finding that the appellant had neglected the children, *inter alia,* placed the children for a period of 12 months with the New York City Commissioner of Social Services and entered a final order of protection against him. The notice of appeal from the fact-finding orders, both dated May 4, 1990, is deemed to be a premature notice of appeal from the order of disposition. The appeal from the order of disposition brings up for review the fact-finding orders.

Ordered that the appeal from so much of the order of disposition as granted a final order of protection is dismissed as academic, without costs or disbursements, as the order of protection has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appellant is the paramour of the mother of the children who are the subjects of the instant neglect proceeding. The appellant and the mother cohabited for approximately two years, during which time one of the mother's children would visit two or three times a week, spending the entire day in the appellant's apartment. Based upon the mother's sister's testimony that the appellant used drugs when the children visited the apartment, the court found that the appellant neglected the children. The appellant denied the use of drugs.

Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94; *see also, Matter of Dennis N.,* 110 AD2d 702, 703). The determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88; *see also, Matter of Jamal V.,* 159 AD2d 507). We find no basis to disturb the Family Court's determination that the mother's sister's testimony was credi-

ble. Moreover, we are satisfied that the finding of neglect was supported by a fair preponderance of the credible evidence (see, Family Ct Act § 1012 [f] [i] [B]; § 1046 [b]; see also, Matter of Roman, 94 Misc 2d 796).

We have considered the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Miller, Pizzuto and Santucci, JJ., concur.