■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, on Behalf of SHEVONNE S. and Others, Respondent. JANNIE S. et al., Respondents; RAFAEL R., Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, Rafael R. appeals from an order of disposition of the Family Court, Queens County (Torres, J.), dated May 16, 1990, which, upon a fact-finding order dated December 8, 1989, made after a hearing, *inter alia,* finding that he had sexually abused Stacy S. and derivatively neglected Clifton S. and Shevonne S., placed the children for a period of up to 12 months with the Commissioner of Social Services of the City

of New York. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant is the paramour of the mother of the children involved in the instant proceeding. He contends that the Family Court committed error in finding that he was a person "legally responsible" for the care of the subject children within the meaning of Family Court Act § 1012 (g). We disagree. The appellant was a regular member of the children's household at all relevant times and was thus a "legally responsible" person under Family Court Act article 10 *(see, Matter of Faith AA.,* 139 AD2d 22, 24; *cf., Matter of Faith GG.,* 179 AD2d 901, 902; *Matter of Jack M.,* 181 AD2d 631; *Matter of Marcelina F.,* 117 AD2d 803). The evidence established, *inter alia,* that the appellant shared a bed with the children's mother as well as her daughters, Stacy and Shevonne. Moreover, the children's consistent reference to the appellant as their "daddy" or "father" indicates that he was, for a time, a constant and integral force in their lives.

Furthermore, Stacy's out-of-court allegations concerning sexual abuse committed by the appellant were properly corroborated by expert medical testimony disclosing, *inter alia,* physical symptoms of abuse *(see,* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.,* 71 NY2d 112, 120; *Matter of Tara H.,* 129 Misc 2d 508, 514). While the validator was unable to make a conclusive finding of sexual abuse, she nevertheless believed it highly probable that some form of sexual interaction between Stacy and the appellant had occurred *(see, e.g., Matter of Latisha V.,* 175 AD2d 839).

Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94; *see also, Matter of Joey T.,* 185 AD2d 851; *Matter of Dennis N.,* 110 AD2d 703). The determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88; *Matter of Joey T., supra; Matter of Jamal V.,* 159 AD2d 507). In the present matter, the fact-finding court found the petitioner's witnesses to be "open, frank, direct and credible". In contrast, the court gave little credence to the appellant's testimony or his mother's testimony, and indicated that their statements appeared to be tailored to meet the allegations against him. Under these circumstances, we find no basis to

disturb the Family Court's determination. We are satisfied that the finding of abuse was supported by a fair preponderance of the credible evidence *(see,* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b]; *Matter of Joey T., supra).*

We find no merit to the appellant's remaining contentions. Lawrence, J. P., Miller, O'Brien and Pizzuto, JJ., concur.