■ In the Matter of KATHLEEN OO., a Child Alleged to be Abused. Sullivan County Department of Social Services, Respondent; Karen OO., Appellant. [649 NYS2d 193] —Carpinello, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered August 14, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused.

Respondent is the mother of Kathleen OO., age 10, the child who is the subject of this proceeding. Respondent is mildly mentally retarded and her husband, William OO. (hereinafter the father), has been diagnosed as borderline intellectually functional. On May 7, 1994, Kathleen was removed from the custody of her parents after they signed statements admitting that they had sexually abused Kathleen. Respondent indicated in her statement that she had witnessed her husband having intercourse with Kathleen. She also stated that two months earlier she had inserted her finger in Kathleen's vagina and anus. Kathleen told Rebecca Skoda, a senior caseworker with the Sullivan County Department of Social Services (hereinafter DSS), that her father had engaged in vaginal and anal intercourse with her once a week and that her mother had digitally penetrated her vagina and anus two times per week. In a subsequent interview, Kathleen also indicated that her father had orally penetrated her.

A fact-finding hearing was conducted on November 2, 1994. By order entered April 17, 1995, Family Court found that Kathleen was an abused child pursuant to Family Court Act § 1012 (e) (iii) and ordered a dispositional hearing. On April 27, 1995, respondent was convicted in Justice Court of sexual abuse in the second degree and was sentenced to a conditional discharge. Following the dispositional hearing, Family Court placed Kathleen in the custody of DSS and further determined that a total prohibition against visitation by either parent was appropri-

ate. Respondent was also ordered to attend a treatment program for sex offenders. A protective order was issued that prevented either parent from having any contact with Kathleen. Respondent appeals.

Respondent claims that the finding that Kathleen was sexually abused is against the weight of credible evidence. A finding that a child has been abused or neglected pursuant to Family Court Act article 10 must be based upon a preponderance of the evidence *(see, Matter of Tammie Z.,* 66 NY2d 1; *see also, Matter of Patricia J.,* 206 AD2d 847, *lv denied* 84 NY2d 810; *Matter of Commissioner of Social Servs. of City of N. Y. [Shevonne S.],* 188 AD2d 528, 530; *Matter of Anna B.,* 185 AD2d 311, 312). Credibility issues, as well as the weight to be given the evidence presented, are primarily determined by the trier of fact *(see, Matter of Joey T.,* 185 AD2d 851; *see also, Matter of Esther CC.,* 194 AD2d 949, 951). Family Court's determination is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, Matter of Commissioner of Social Servs. of City of N. Y. [Shevonne S.], supra,* at 529).

Our review of the record indicates that the allegations of abuse have been established by a preponderance of the evidence. Although, as respondent points out, the medical evidence of abuse was not conclusive, other evidence of abuse was adduced at the fact-finding hearing. Respondent gave a statement to police in which she admitted the abuse. Although she testified at the fact-finding hearing that she did not remember any of the events recounted in her statement, she also stated that she answered the police officers' questions truthfully at the time, that she remembered giving the statement and having it read back to her, and that the events set forth in the statement "might have happened". Respondents admission of abuse thus sufficiently corroborated Kathleen's out-of-court statements regarding the abuse, as required by Family Court Act § 1046 (a) (vi), despite the fact that respondent's later testimony was equivocal *(see, Matter of Margaret W.,* 83 AD2d 557, *lv denied* 54 NY2d 609). Further, Kathleen gave unsworn testimony in court that respondent had sexually abused her. This testimony, which was subject to cross-examination, also corroborated Kathleen's previous out-of-court statements *(see, Matter of Christina F.,* 74 NY2d 532). Finally, subsequent to the fact-finding hearing but prior to the dispositional hearing, respondent pleaded guilty to sexual abuse in the second degree. The fact of this conviction also serves as evidence that Kathleen was sexually abused *(see, Matter of Suffolk County Dept.*

*of Social Servs. [Michael V.] v James M.,* 83 NY2d 178, 182-183). Respondent's claim that there was no proof of sexual gratification is without merit, as sexual gratification can be inferred from respondent's conduct in this case *(see, Matter of Patricia J., supra; People v Bockeno,* 124 AD2d 1008, 1008-1009, *lv denied* 69 NY2d 744).

Respondent also argues that Family Court erred in denying her any visitation with Kathleen. Both DSS and the Law Guardian had opposed any visitation. The paramount issue in a dispositional hearing is the best interest of the child, and an inquiry into the child's best interest involves consideration of the parent's ability to supervise the child and any potential threat of future abuse or neglect *(see, Matter of Commissioner of Social Servs. of City of N. Y. [Trudi I.],* 192 AD2d 602, 603-604). "The denial of visitation to a natural parent is a drastic remedy and should be done only where there are compelling reasons and substantial evidence that such visitation is detrimental to the children's welfare" *(Matter of Farrugia Children,* 106 AD2d 293; *see, Matter of William R. v Josephine R.,* 178 AD2d 183). However, the rights of a parent are subordinate to the purpose of Family Court Act article 10, which is to protect a child from a parent who is either unable or unwilling to discharge his or her parental responsibility properly *(see, Matter of Charles DD.,* 163 AD2d 744, 747).

There is evidence in the record before this Court that Kathleen has exhibited symptoms of posttraumatic stress disorder and that she has expressed fear that her mother is going to come and take her away. Her counselor testified that she had asked Kathleen whether she wanted to see respondent, even in a supervised setting, and that Kathleen had said that she did not want to see respondent because respondent had hurt her.* Based on the foregoing, we conclude that Family Court did not abuse its discretion in issuing an order of protection containing an indefinite suspension of respondent's visitation rights.

Respondent argues that Family Court should have used a "clear and convincing" standard of proof rather than a

---

* We again take this opportunity to note our displeasure that the confidentiality of the in camera *Lincoln* hearing was breached in this case *(see, Matter of Lincoln v Lincoln,* 24 NY2d 270). parts of the transcript have been reproduced and included in the appendices to the briefs submitted on behalf of both the Law Guardian and respondent. As we noted most recently in the case of *Matter of Sellen v Wright* (229 AD2d 680, the transcript of the *Lincoln* hearing should have been sealed and made available only to an appellate court unless Family Court directed otherwise, and we find no direction to the contrary in the record before this Court *(see, Matter of Ladd v Bellavia,* 151 AD2d 1015, 1016).

"preponderance of the evidence standard" because the Family Court order effectively terminates all contact between respondent and Kathleen. We considered and rejected the identical argument in *Matter of Esther CC.* (194 AD2d 949, 951, *supra).* The Family Court order requires respondent to undergo treatment for sex offenders, to follow recommendations for aftercare, and to maintain contact with DSS to plan for Kathleen's future. The order also provides for an order of protection prohibiting any contact *"until further order of this court* or until the child becomes 18 years of age" (emphasis supplied). The order thus contemplates that respondent may seek to have it modified in the future. Respondent's suggestion that Family Court's order is additionally defective because there may not be sex offender treatment programs appropriate for respondent given her mental retardation is speculative and without record support.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.