■ In the Matter of ALLYN WW., a Child Alleged to be Abused. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRIAN WW., Appellant, et al., Respondent. [652 NYS2d 1012] —Yesawich Jr., J. Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered February 2, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' child to be abused.

We reject the claim by respondent Brian WW. (hereinafter respondent) that Family Court's finding that he sexually abused his son was against the weight of the evidence because the court erred in determining questions of credibility. In this regard, we initially note that Family Court's determination of credibility issues is entitled to great weight (*see, Matter of Commissioner of Saratoga County Dept. of Social Servs. v David Z.*, 133 AD2d 882, 883) and it is only where the evidence "*compels* a different result that those findings should be ignored" (*Matter of Julie UU. v Joseph VV.*, 108 AD2d 1038, 1039 [emphasis in original]). Here, the child's mother testified in specific detail concerning several instances of her witnessing

respondent sexually abusing the child.* Her oral statements were reinforced by a diary that the mother kept which set forth the same dates, times and circumstances as detailed in her testimony. Family Court specifically found the mother's testimony to be credible and it was sufficient, if believed, to establish sexual abuse (cf., *Matter of Commissioner of Social Servs. of Saratoga County v Andrew X.*, 195 AD2d 711). On the record before us it cannot be said the allegations of abuse were not established by a preponderance of the evidence (*see, Matter of Kathleen OO.*, 232 AD2d 784). We also reject respondent's claim that the proof was insufficient to support a finding of intent. Family Court found that respondent's acts constituted sexual abuse in the first degree. Respondent's conduct served to establish that his reason for touching the child was sexual gratification, a necessary element of the crime of sexual abuse in the first degree (Penal Law §§ 130.65, 130.00 [3]; *see, Matter of Patricia J.*, 206 AD2d 847, *lv denied* 84 NY2d 810). Respondent's remaining claims have been examined and rejected as lacking in merit.

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

---

* The abuse petition also named the child's mother as a respondent. Prior to trial, she consented to a finding of abuse and a separate dispositional determination was made in regard to her.