■ In the Matter of JENNIFER F. and Another, Children Alleged to be Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ARLENE F., Appellant. [653 NYS2d 42] —Peters, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered October 6, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the mother of two children, Jennifer (born in 1980) and Nicholas (born in 1985). In November 1993, respon-

dent sought the placement of Jennifer with petitioner due to respondent's inability to control her behavior in missing school, stealing and being disobedient. Jennifer was placed in foster care with the goal of counseling, family visitation and her ultimate return home. Respondent, initially agreeing to cooperate, thereafter refused various forms of treatment and counseling, and undermined, to the point of preventing, visitation between Jennifer and Nicholas.

On June 24, 1994, Jennifer was scheduled to return home but respondent failed to pick her up. When Jennifer was given a ride home, an explosive confrontation ensued, resulting in respondent locking Jennifer in a room, emptying her belongings onto the front lawn and directing eight-year-old Nicholas to hose them down with water. Respondent thereafter expressed her desire to permanently surrender her daughter.

Less than a month later, in July 1994, petitioner filed a neglect petition against respondent with respect to both children recounting the altercation which occurred upon Jennifer's return home, respondent's continued expression of her desire to surrender her parental rights and her refusal to accept needed social services. By November 1994, petitioner filed a violation petition against respondent alleging that, notwithstanding the entry of a court order directing sibling visitation, respondent flagrantly violated such order by refusing to produce Nicholas at prearranged times and places. Although both petitions were scheduled for fact-finding on June 21, 1995, later rescheduled for July 26, 1995, respondent failed to appear notwithstanding clear evidence of her awareness of the date.

After a hearing from which respondent absented herself, Family Court found both children to be neglected. As to Jennifer, it found her physical and emotional well-being at imminent risk of harm by respondent's expulsion of her daughter from her home, failing to plan for her return, failing to accept support services and obstructing sibling visitation. As to Nicholas, the finding of neglect was not only derivative (see, Family Ct Act § 1046 [a] [i]), but also based upon her obstruction of his visitation with Jennifer, creating deleterious effects on his emotional well-being. Challenging the sufficiency of the evidence, respondent appeals.

Our review of the record fully supports Family Court's determination that petitioner sustained its burden of proving, by a preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]; Matter of Tammie Z., 66 NY2d 1), that Jennifer was a neglected child "whose physical, mental or emotional condition has been

impaired or is in imminent danger of becoming impaired as a result of the failure of [respondent] * * * to exercise a minimum degree of care * * * in providing [her] with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]). Respondent's attitudes and actions demonstrate such inattention to the needs of her daughter that she typifies one who has " 'a faulty understanding of the duties of parenthood' " (*Matter of Tiffany F.*, 205 AD2d 429, 431, quoting *Matter of Christina Maria C.*, 89 AD2d 855). Notably, the failure of respondent to testify allowed the trier of fact "to draw the strongest possible inference against her as may be supported by the record" (*Matter of Joseph DD.*, 214 AD2d 794, 796).

Moreover, as to Nicholas, it is axiomatic that children have a right to continue to know their siblings (*see, Matter of Mark V. v Gale P.*, 143 Misc 2d 487, 489; *see also, Matter of Curry v Ashby*, 129 AD2d 310). With respondent's unveiled defiance of orders for sibling visitation and the use of Nicholas to further her vengeance toward Jennifer, it is clear that this child's mental and emotional well being was similarly jeopardized (*see, Matter of Zariyasta S.*, 158 AD2d 45, 48; *see also, Matter of Tami G.*, 209 AD2d 869, *lv denied* 85 NY2d 804). This behavior is sufficient to require the aid of the court (*see,* Family Ct Act § 1012 [f] [i] [B]—there being no need for actual injury (*see, Matter of Billy Jean II.*, 226 AD2d 767).

For these reasons, the order of Family Court is affirmed in its entirety.

White, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.