■ In the Matter of Tanya T. and Others, Children Alleged to be Abused and Neglected. Albany County Department of Social Services, Respondent; Steven U., Appellant. [675 NYS2d 237] —Cardona, P. J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered February 14, 1997, which

granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Tanya T., Tabitha T., Deion T. and Davonna T. to be abused and/or neglected children.

Respondent is the father of Davonna (born in 1993) and Deion (born in 1992) who reside in the City of Albany with their mother and stepsisters, Tanya (born in 1981) and Tabitha (born in 1984). In February 1996, petitioner filed a child abuse/neglect petition against respondent alleging, *inter alia*, that in December 1995 respondent sexually molested Davonna in Deion's presence. Following fact-finding and dispositional hearings, Family Court issued an order of supervision for a period of one year as well as an order of protection in conjunction therewith mandating various treatment programs for respondent and prohibiting visitation with the children pending further order of the court. This appeal by respondent followed.

Initially, it is to be noted that Family Court's findings of abuse and neglect must be upheld if supported by a preponderance of the evidence (*see, Matter of Philip M.*, 82 NY2d 238, 243; *Matter of Ashley M.*, 235 AD2d 858). Where the evidence against a respondent consists of out-of-court statements of a child, such statements must be adequately corroborated to constitute proof of abuse or neglect (*see,* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 117-118). Notably, "Family Court has considerable discretion in determining whether a child's out-of-court statements have been sufficiently corroborated" (*Matter of Ashley M., supra,* at 858). Courts have found sufficient corroboration provided by the testimony of child abuse experts (*see, Matter of Nicole V., supra,* at 119-120; *Matter of Thomas N.*, 229 AD2d 666, 668; *Matter of Daniel TT.*, 169 AD2d 951), evidence of behavioral changes in the child (*see, Matter of Ashley M., supra,* at 858; *Matter of Randy A.*, 248 AD2d 838, 839) and the testimony of other children who witnessed the incident of abuse (*see, Matter of Nicole V., supra,* at 123-124).

Initially, we reject respondent's claim that the out-of-court statements of Deion and Davonna were not sufficiently corroborated to establish abuse and neglect by a preponderance of the evidence. The mother testified to the children's statements describing the alleged abuse. The statements, which were completely consistent with one another, disclosed that respondent touched Davonna's genital area while masturbating on her bed as Deion watched. The mother stated that, after this incident, the behavior of both children changed dramatically. Deion regressed to bed wetting and thumb sucking and would

not sleep in his room, claiming that respondent had "peed on his toys". He also began simulating sexual activity with dolls, teddy bears and other children. Davonna began having nightmares and frequently asked to have her hands washed. She also began simulating sexual activity with dolls. A social worker testified that the children's behavior was indicative of sexual abuse or exposure to sexual activity. Furthermore, while the medical evidence did not conclusively establish that Davonna had been sexually abused, it revealed that her genital area was red and swollen, a finding consistent with sexual abuse. Given the evidence of the children's behavioral changes, together with the testimony of the social worker and medical experts, and the consistency of the children's own statements, we conclude that sufficient corroboration existed to support Family Court's findings of abuse and neglect by a preponderance of the evidence.

Likewise, we find no merit to respondent's claim that Family Court improperly denied his petition for visitation with Deion and Davonna. Initially, we note that the best interests of the children is the paramount consideration in determining whether visitation should be permitted by a parent who has committed abuse and/or neglect (*see, Matter of Kathleen OO.,* 232 AD2d 784, 786). We acknowledge that " '[t]he denial of visitation to a natural parent is a drastic remedy and should be done only where there are compelling reasons and substantial evidence that such visitation is detrimental to the children's welfare' " (*id.,* at 786, quoting *Matter of Farrugia Children,* 106 AD2d 293). Nevertheless, "the rights of a parent are subordinate to the purpose of Family Court Act article 10, which is to protect a child from a parent who is either unable or unwilling to discharge his or her parental responsibility properly" (*id.,* at 786).

In this case, the child protective worker associated with the family testified that the children were fearful of respondent and that respondent had acted violently toward their mother in the children's presence. She stated that the children should not be given therapeutic contact with respondent until he completed certain treatment programs. The social worker confirmed that, during counseling with the children, they expressed their fear of respondent. This testimony supports Family Court's finding that visitation with respondent would not be in the children's best interests. Furthermore, under the particular circumstances presented, we find no abuse of discretion in Family Court's imposition of the requirement that respondent successfully complete various treatment programs

and therapeutic visitation as a condition to consideration of his petition for visitation.

Lastly, we have considered respondent's claims that he was improperly denied the opportunity to cross-examine certain witnesses and that he was deprived of the effective assistance of counsel, and find them to be unavailing.

White, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.