■ In the Matter of JANIQUE Y. and Others, Children Alleged to be Abused and/or Neglected. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; CHARLOTTE Z., Respondent. [682 NYS2d 706] —Graffeo, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered March 10, 1998, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and/or neglected.

Respondent is the mother of three children born in 1991, 1992 and 1993. In the early evening of September 27, 1997 while respondent was asleep, her children began playing with a cigarette lighter which had been left on a table. The youngest child's shirt caught fire and when the other children could not extinguish it, they went downstairs for help from their grandmother who extinguished the fire. During the commotion, respondent awoke and called an ambulance. The youngest child sustained second and third degree burns over about 10% of her body and the injuries required extensive medical treatment. On the day of the incident, respondent, who suffers from sickle cell anemia, had taken morphine in the morning which was prescribed for her pain. In her testimony before Family Court, respondent explained that a side effect of morphine was drowsiness but insisted that she only took the medication on the morning of the incident. Although no prior complaints had been made against respondent, a few months before the incident respondent discovered burned clothes in a closet in the apartment. As a result, respondent claims that she had a discussion with all three children and explained the dangers of playing with fire.

Pursuant to an investigation undertaken by Mary Ellen Bussey, an intake investigator with the Albany County Child Protective Services, the incident was found to be accidental and not the result of abuse or maltreatment. The children's grandmother, however, indicated to Bussey that the children were not adequately supervised. Bussey requested respondent to develop a "safety plan" with adequate resources for the children's care. On October 1, 1997 Bussey conducted a

follow-up visit to the residence, but respondent was in Westchester County with her daughter at a burn center and therefore Bussey did not speak to her. Nevertheless, Bussey determined that respondent had failed to implement an adequate plan and on this basis removed the children from the home. This petition, filed in October 1997, alleged that the children were abused and/or neglected. Following a fact-finding hearing, Family Court determined that petitioner failed to establish by a preponderance of the evidence that respondent abused or neglected her children and, therefore, the petition was dismissed. Petitioner now appeals.

A finding that a child has been abused or neglected pursuant to Family Court Act article 10 must be based on a preponderance of the evidence (*see, Matter of Tammie Z.*, 66 NY2d 1; *Matter of Kathleen OO.*, 232 AD2d 784). To establish that the children were abused, petitioner was required to demonstrate that respondent either inflicted, created or allowed a substantial risk of physical injury to be inflicted by other than accidental means (*see*, Family Ct Act § 1012 [e] [i], [ii]). Neglect is proven by evidence establishing that the children's physical, mental or emotional condition was impaired or in imminent danger of becoming impaired as a result of respondent's failure to exercise a minimum degree of care in her supervision and guardianship (*see*, Family Ct Act § 1012 [f] [i]; *Matter of Ian DD.*, 252 AD2d 669).

Here, Family Court's determination that petitioner failed to establish neglect or abuse by a preponderance of the evidence is supported by the record. The physical injuries sustained by respondent's youngest child were caused by an accident which was confirmed by Bussey in her report. Moreover, it is evident that respondent established a network of caregivers, including her mother and brother who reside in the same building, to assist her with the care of the children when necessary due to respondent's physical ailment. Also, a cousin testified that she provides care for the children when needed. Petitioner's contention that Family Court improperly found respondent's testimony to be credible and that the statements of the caseworker and emergency personnel are more believable is unpersuasive. It was within Family Court's discretion, after hearing the testimony and viewing the demeanor of the witnesses, to find respondent's testimony credible (*see, Matter of Erinn G.*, 249 AD2d 879). Based on the foregoing and according considerable deference to Family Court's determination (*see, Matter of Kathleen OO.*, *supra*; *Matter of Commissioner of Social Servs. of City of N. Y. [Shevonne S.] [Jannie S—Rafael R.]*, 188 AD2d

528), we find no reason to disturb Family Court's determination that petitioner failed to prove neglect or abuse by a preponderance of the evidence (*see, Matter of Kathleen OO., supra*).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.