■ In the Matter of SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v RICHARD C., Appellant. [687 NYS2d 470] —Graffeo, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered February 25, 1998, which dismissed respondent's application, in a proceeding pursuant to Family Court Act article 10, for visitation with one of his daughters.

Respondent and his wife are the parents of two daughters aged 13 and 10. After one of the children disclosed that her mother, respondent's wife, was sexually abusing her, Family Court issued an order in May 1995 directing the temporary removal of the children. Thereafter, petitioner filed neglect and abuse petitions against respondent's wife alleging that she had committed acts of sexual abuse against her daughters. Respondent was also the subject of a neglect petition alleging that he took no action to stop the sexual abuse and he failed to exercise a minimum degree of care for his daughters, including the lack of sanitary living conditions.[1] Family Court found the children were neglected by respondent's wife, ordered her to attend mental health counseling and parenting classes, and the children were placed in the custody of petitioner. The neglect petition filed against respondent was adjourned in contemplation of dismissal (hereinafter ACD) in December 1995 and the ACD expired on October 27, 1996. After several court-ordered extensions of placement, Family Court issued an order in July 1997, amended in October 1997, which suspended the visitation rights of both parents until resumption of visitation was recommended by the children's therapists, and required respondent and his wife to attend mental health counseling and parenting classes.

Respondent then filed a petition seeking to modify the visitation order. A hearing was conducted in January 1998,[2] and based on its finding that visitation was not in the elder child's best interest, Family Court suspended respondent's visitation pending further order of the court and until the child's therapist determined that such visitation would be appropriate. Respondent now appeals.

Initially, respondent asserts that Family Court lacked jurisdiction and authority to restrict his visitation rights subsequent to the dismissal of the neglect proceeding in accordance with the ACD. We disagree. The original petition for neglect against respondent was commenced pursuant to Family Court Act article 10, and although respondent received an ACD as his disposition, the children's placement in foster care was continued with respondent's consent by court-ordered extensions in accordance with Family Court Act § 1055. Further-

---

1. A neglect petition was also filed against respondent's mother, who resided with respondent's family, based on essentially the same grounds as the neglect petition against respondent. The petition resulted in an adjudication of neglect.

2. Visitation with the younger daughter was not contested by the child's residential treatment provider.

more, respondent did not seek custody of his daughter, hence, the child's placement in foster care was not challenged in this proceeding. Rather, as a result of respondent's filing of a petition seeking visitation, Family Court conducted an evidentiary hearing and determined that visitation was not in the child's best interest. Since Family Court is vested with jurisdiction under Family Court Act article 10 to determine issues pertaining to a child's welfare consistent with the comprehensive services plan associated with foster care placement (see, Family Ct Act §§ 1015-a, 1055), under these circumstances we conclude that Family Court retained jurisdiction to determine whether the best interest of the child would be enhanced by visitation.

Next, upon review of the record we are unpersuaded that Family Court erred in suspending respondent's visitation rights. It is well settled that the denial of visitation to a biological parent must be based on compelling reasons and substantial evidence that such visitation would be detrimental or harmful to the child's welfare (see, Matter of Kathleen OO., 232 AD2d 784, 786; Matter of Farrugia Children, 106 AD2d 293). However, the rights of a parent are subordinate to the policy of protecting a child from a parent who is incapable or unwilling to perform his or her parental responsibilities (see, Matter of Kathleen OO., supra, at 786), and the best interest of the child is paramount (see, Matter of Tanya T., 252 AD2d 677, lv denied 92 NY2d 812).

Here, Arthur Sichel, a psychologist, and Jackie Morris, the child's therapist, opined that visitation should be suspended until the child developed strengths to deal with the problems associated with her family. Specifically, Morris testified that the child suffered from childhood disintegrative disorder and she described how the child consistently manifested signs of regression in functioning after contact with her father, including a deterioration in communication skills, difficulty dressing, and the incapacity to complete simple tasks such as setting the table. Basing her opinion on the 40 to 50 counseling sessions she conducted with the child, Morris indicated that respondent's daughter appeared not to have bonded with any members of her family, including her father. Sichel testified that the child's earlier visits with her father triggered memories of home and of the sexual abuse that allegedly occurred by her mother, all of which could lead to severe regression, and possibly schizophrenia. Both witnesses stressed the child's need for extensive psychotherapy in order to assist her in developing coping skills. Although two experts testified on behalf of respondent in favor of visitation, notably, neither wit-

ness had any contact with the child or had reviewed the child's treatment records.

Accordingly, from the preponderance of evidence presented (*cf.*, Family Ct Act § 1046 [b] [i]), we find no reason to disturb Family Court's determination that visitation by respondent was not in the child's best interest (*see, Matter of Tanya T., supra*), notwithstanding the Law Guardian's opinion to the contrary (*see, Matter of Perry v Perry*, 194 AD2d 837, 838). However, in light of the fact that a court cannot delegate to a mental health professional its authority to determine issues involving the best interest of the child (*see, Gadomski v Gadomski*, 256 AD2d 675, 677; *Matter of Rogowski v Rogowski*, 251 AD2d 827, 828), we modify that portion of the order to eliminate the provision that future visitation be conditioned upon the therapist's recommendation.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by deleting "and until such time as the therapist for [the child] feels it is appropriate to engage in any type of visitation either supervised or unsupervised with the [respondent]" in the last paragraph of the decision and order dated February 23, 1998, and, as so modified, affirmed.