■ In the Matter of SHAWN Y., and Others, Children Alleged to be Neglected. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAVID Y., Appellant. [692 NYS2d 853] —Yesawich Jr., J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered July 29, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to modify a prior order of the court by, inter alia, directing that respondent have no contact with his children until he is actively engaged in counseling approved by petitioner.

Respondent and his former wife (hereinafter the mother) are the parents of three children, Shawn Y. (born in 1986), Christine Y. (born in 1988) and Karen Y. (born in 1993). As a result of a neglect petition filed in 1995 by petitioner, and subsequent admissions by respondent and the mother that they engaged in domestic violence in the children's presence, Family Court (O'Brien, III, J.) adjudged them to be neglected and ordered that respondent's visitation with the children be

supervised until such time as he completed parenting classes. Although that order was twice extended, respondent failed to satisfactorily comply with it and, after an evidentiary hearing held on petitioner's application, Family Court ordered that respondent have no contact with the children until he received proper counseling. This appeal followed.

Whether visitation is appropriate is a matter left to Family Court's sound discretion (see, Matter of Susan GG. v James HH., 244 AD2d 731, 734) and its findings, to which deference is to be accorded, will not be disturbed on appeal unless they lack a sound basis in the record (see, Matter of Hardy v Short, 244 Ad2d 669, 670). Ample credible evidence supports Family Court's conclusion that until respondent has been properly counseled, his continued visitation with the children would not be in their best interests. Paul Thompson, respondent's former family therapist who supervised visitation between respondent and his children, testified that respondent was unable to control the anger he felt toward his wife and that he displayed this hostility even during supervised visits with the children. During several visits, respondent's criticism of the children became so intense and persistent that Thompson found it necessary to terminate the visits.

Additional testimony by Shawn's counselors and teacher established that the visits with respondent caused Shawn feelings of anger and anxiety, and that in the aftermath of these visits he was unruly in class and had to be disciplined, as a consequence of which he missed all or parts of thirty class periods. The foregoing bears out Family Court's determination that, absent further counseling, it was not in the best interests of the children to permit continued visitation with respondent.

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.