■ In the Matter of the F. Children, Alleged to be Abused. Blanca F., Appellant; Commissioner of the Administration

FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent, et al., Respondent. [707 NYS2d 32] —Orders of disposition (three papers), Family Court, Bronx County (Allen Alpert, J.), entered on or about April 14, 1999, placing respondent-appellant's three children with the Administration for Children's Services (ACS) for up to 12 months upon a fact-finding determination by the same court (Susan Larabee, J.), that the child Patty F. was abused and her sister, Galeann F., was derivatively abused by appellant and upon an order of the same court (Allen Alpert, J.), granting the motion for summary judgment by ACS finding that an after-born child, Denise F., was derivatively abused, unanimously affirmed, without costs.

Family Court's findings of abuse and derivative abuse are supported by the requisite preponderance of the evidence (see, Family Court Act § 1046 [b]). The court's evaluation of the evidence and the witnesses' credibility is clearly supported by the record and will not be disturbed (see, Matter of Kathleen OO., 232 AD2d 784). In less than a two-month period of time, in two separate incidents, Patty F., who at the time was one-year old, suffered a single fracture to her wrist and a double fracture to her arm. The medical findings were that the injuries were of such a nature as would not ordinarily be sustained or exist except by reason of the acts or omissions of the person responsible for the care of the child. Appellant failed to sustain her burden to offer a satisfactory explanation for the child's injuries (see, Matter of Kevin R., 193 AD2d 351, 352, appeal dismissed 82 NY2d 735). The court was justified in rejecting appellant's testimony, which was inconsistent and contradictory.

The weight of the credible evidence before the court at the dispositional hearing supported its determination that it was in the children's best interests to be placed with ACS for up to 12 months, and, in this connection, it was proper for the court to consider whether appellant continued to deny responsibility for the child's injuries (see, Matter of Tanya M., 207 AD2d 656). Concur—Rosenberger, J. P., Williams, Tom, Rubin and Buckley, JJ.