■ In the Matter of EMILY PP., a Child Alleged to be Neglected. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; DENISE RR. et al., Respondents. [710 NYS2d 476] —Lahtinen, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered March 5, 1999, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' child to be neglected.

On June 15, 1998, respondent Denise RR. (hereinafter the mother) and respondent Curtis PP. (hereinafter the father), parents of a 15-month-old child, were involved in a domestic dispute which became physical when the father knocked the mother down and choked her. After the incident the father left

their residence in the City of Troy, Rensselaer County, with the child, placed her in a child safety seat in the back seat of his automobile and prepared to leave in order to allow tempers to cool. The mother, meanwhile, called 911 and then went to the automobile to attempt to stop the father from leaving the residence with the child. In an attempt to open the driver side door, the mother grabbed the driver side window which then broke off in her hand. The father drove away with the child in the car and returned a short time later to find two Troy police officers at the residence.

As a result of the incident, the father was arrested for harassment and an order of protection was issued barring the father from any contact with the mother. Thereafter a report was made to the State Central Registry for Child Abuse and Maltreatment by the Troy police, which was followed by an investigation of the allegations in the report by petitioner. On August 26, 1998 a neglect petition was filed when petitioner determined that respondents had resumed their living arrangement without first obtaining the counseling services petitioner deemed necessary to decrease the risk of further violence between them. A fact-finding hearing was commenced on February 22, 1999 and, at the close of petitioner's proof, Family Court granted the father's motion to dismiss the petition for failure to prove a prima facie case against him. The hearing was completed on February 25, 1999 and Family Court dismissed the petition against the mother. Petitioner now appeals.

Petitioner first contends that Family Court applied the wrong evidentiary standard in this neglect proceeding, thereby requiring reversal. In its written decision, Family Court recited the correct evidentiary standard, i.e., that a finding of neglect must be established by a fair preponderance of the evidence (*see,* Family Ct Act § 1046 [b] [i]; *Matter of Nicole V.,* 71 NY2d 112, 117; *Matter of Tammie Z.,* 66 NY2d 1, 3). The court's undoubtably inadvertent reference to petitioner's failure "to produce clear and convincing evidence" that the child had been neglected by the mother, when considered in the context of the court's entire decision, does not reveal that the court applied an improper evidentiary standard and therefore does not warrant reversal (*cf., Matter of Arianna L.,* 159 AD2d 989).

Petitioner next argues that its proof of respondents' verbal argument in the presence of the child, respondents' physical altercation involving choking and pushing, and their causing a car window to break while the child was in her car seat combined to establish neglect by the appropriate evidentiary standard (*see,* Family Ct Act § 1012 [f] [i] [B]). We disagree.

Our review of the record supports Family Court's contrary determination. After hearing nine witnesses testify, Family Court made factual findings that the child was not present when the domestic argument became physical, that the broken window incident was accidental and that respondents arranged for counseling on their own, and credited the testimony of respondents' psychologist who testified that he did not believe respondents' cohabitation posed a threat of domestic violence. Family Court's factual determinations and resolutions of credibility issues are to be accorded great deference from this Court and should not be disturbed unless clearly unsupported by the record (*see, Matter· of Janique Y.*, 256 AD2d 1053; *Matter of Kim HH.*, 239 AD2d 717, 718-719; *Matter of Allyn WW.*, 235 AD2d 837; *Matter of Kathleen OO.*, 232 AD2d 784). In light of the above, we find no reason to disturb Family Court's decisions dismissing the neglect petition against respondents.

Crew III, J. P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.