In the Matter of Ismail Rodriguez, Appellant, v Irma R. Medina, Respondent. [717 NYS2d 110] —Order, Family Court, New York County (Myrna Martinez-Perez, J.), entered on or about August 22, 1996, granting respondent's motion to dismiss the petition for visitation, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the petition reinstated and the matter remanded for further proceedings in accordance with this decision.

Family Court dismissed the petition for visitation in August 1996 on the grounds that petitioner had not exercised his visitation rights since June 1996 and was disingenuous in representing that his work prevented him from complying with the summer visitation schedule. This is not a proper basis on which to determine visitation rights. The denial of visitation to a natural parent is a drastic remedy that should be imposed only where there are compelling reasons and substantial evidence that such visitation is detrimental to the child's welfare (*Matter of Farrugia Children*, 106 AD2d 293).

There is no showing in the record here that petitioner's visitation is detrimental to his daughter's welfare. To the contrary, the evidence indicates that regular contact with petitioner is in the child's best interest. Indeed, the court acknowledged that the supervised visitation previously granted to petitioner was going well. While petitioner's allegations of child sexual abuse were not substantiated by the court-ordered investigation, and his persistent questioning of the child about sexual touching was a cause of concern, the psychologist, an expert in child sexual abuse, testified that there was no indication that petitioner distressed the child by his questions or made her uncomfortable in any way. She testified that the child enjoyed visiting with her father and would benefit from a relationship with him. Respondent's husband and the Law Guardian testified that the child had a loving relationship with her father. The director of supervised visitation at the Society for Ethical Culture reported that petitioner and his daughter had a bonded, close relationship and appeared to be very special to each other. Respondent herself testified that petitioner was an active father, helped her "tremendously" around the house even after their relationship ended, and actively sought visitation with the child. Moreover, even after the court invited an "application" to dismiss the petition because petitioner had not availed himself of the visitation granted, respondent indicated that she was willing to resume

petitioner's visitation when the fall schedule commenced at the Society for Ethical Culture.

A parent should not be penalized for not taking full advantage of visitation rights previously granted (*Strahl v Strahl*, 66 AD2d 571, 577, *affd* 49 NY2d 1036). Nor should he be deprived of these rights because he was not forthright about his employment status. While the court understandably was exasperated by what it regarded as petitioner's dishonesty, penalizing petitioner by terminating his visitation rights was not the appropriate remedy. Concur—Nardelli, J. P., Ellerin, Wallach, Lerner and Friedman, JJ.