■ In the Matter of JULIO D., a Child Alleged to be Permanently Neglected. MICHELLE D., Appellant; COMMISSIONER OF

THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent. [735 NYS2d 543] —Order of disposition, Family Court, New York County (Susan Larabee, J.), entered on or about April 4, 2000, which, upon a finding of permanent neglect, terminated the parental rights of appellant mother and committed custody and guardianship of the subject child to petitioner Commissioner of the Administration for Children's Services of the City of New York for purposes of adoption, unanimously affirmed, without costs.

The finding of permanent neglect was supported by clear and convincing evidence. Although petitioner Administration for Children's Services from March 1994 until October 1996 diligently sought to help appellant reunite with her child by assisting her in obtaining housing and treatment for drug abuse, appellant frustrated those efforts by failing to satisfy the requirements of her drug rehabilitation program and failed to secure available housing. She thus failed during the statutorily relevant time period to plan for the return of her child, which is sufficient to support the finding of permanent neglect (*see, Matter of Taqueena Louise C.*, 222 AD2d 283, *lv denied* 87 NY2d 812).

Family Court's determination that it would be in the child's best interests to terminate appellant's parental rights so as to allow the adoption process to move forward was supported by a preponderance of the evidence (*see, Matter of Star Leslie W.*, 63 NY2d 136, 147-148). The evidence adduced at the dispositional hearing disclosed that the child, who had been in foster care virtually since birth, was doing well in a stable foster home and that appellant had not demonstrated that she had overcome her drug dependency and had adequately planned for the child. No reason has been presented to disturb the credibility determinations made by Family Court based on its assessment of the testimony received at the dispositional hearing (*see, Matter of Shevonne S.*, 188 AD2d 528).

We have considered appellant's remaining contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Saxe, Sullivan and Ellerin, JJ.