■ In the Matter of SHAUN X., and Another, Children Alleged to be Abused and/or Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WAYNE Y., Appellant. [751 NYS2d 631] —Mugglin, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered January 7, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate Shaun X. and Kendal Y. to be abused and/or neglected children.

This appeal emanates from Family Court's finding of repeated sexual abuse by respondent of his girlfriend's son, Shaun X. In conjunction with the finding that Shaun was an abused and neglected child, Family Court made a derivative finding of child abuse and neglect with respect to Kendal Y., the biological daughter of respondent and his girlfriend. After a dispositional hearing, Family Court awarded custody of Kendal to the biological mother and precluded any contact between respondent and Kendal for a period of one year. Respondent contends that Family Court erred in making its derivative finding that Kendal was an abused and neglected child and in precluding respondent from any type of visitation with Kendal.

We affirm. It is beyond dispute that evidence of sexual abuse of one child, by itself, is enough to establish derivative neglect of other children when "the nature of the abuse * * * demonstrates an ' "impaired level of parental judgment as to create a substantial risk of harm" ' " (*Matter of Akia KK.*, 282 AD2d 839, 841, quoting *Matter of Tiffany AA.*, 268 AD2d 818, 819-820, quoting *Matter of Vincent M.*, 193 AD2d 398, 404) for other children under the umbrella of care (*see Matter of Melissa L.*, 276 AD2d 856, 857, *lv denied* 96 NY2d 702), even those of the opposite sex (*see Matter of James P.*, 137 AD2d 461, 462). Repeated sexual abuse evinces the required flawed understanding of parental duty (*see Matter of Falcon EE.*, 269 AD2d 711, 713; *Matter of Tiffany AA.*, *supra* at 819-820). Here, the evidence established clearly and convincingly that respondent repeatedly sexually abused Shaun while the care of Kendal was entrusted to him. Additionally, it is undisputed that on previous occasions, respondent committed acts of sexual abuse against a stepdaughter entrusted to his care, further supporting the conclusion that respondent lacks any understanding of the parental duty to protect children from harm. Furthermore, leaving Kendal unattended, while sexually abusing the other child, establishes an independent ground of finding that Kendal was a neglected child (*see Matter of Leo UU.*, 288 AD2d

711, 712-713, *lv denied* 97 NY2d 609). Under these circumstances, we find no compelling reason to disturb Family Court's finding of abuse and neglect by respondent as to Kendal (*see Matter of Keith JJ.*, 295 AD2d 644, 647-648).

Next, denial of visitation to a noncustodial parent is a drastic remedy which should be invoked only under the most compelling circumstances where visitation would be detrimental to the child's welfare (*see Matter of Sheavlier v Melendrez*, 296 AD2d 622, 623). Such issues are committed to the exercise of " 'Family Court's sound discretion * * * and its findings * * * will not be disturbed on appeal unless they lack a sound basis' " (*Matter of Simpson v Simrell*, 296 AD2d 621, 621, quoting *Matter of Shawn Y.*, 263 AD2d 687, 688 [citations omitted]). A parent's right to visitation with his or her child must yield when necessary to protect the child from a parent who has a demonstrated lack of ability or unwillingness to discharge the requisite parental responsibility (*see Matter of Kathleen OO.*, 232 AD2d 784, 786). Here, on this record, we cannot conclude that Family Court abused its discretion by prohibiting all contact between respondent and Kendal for one year, during which time respondent was ordered, among other things, to obtain a sex offender evaluation and attend a sex offender treatment program. Significantly, any extension of the one year period—which incidentally has now expired—will largely depend on the outcome of the sex offender evaluation and respondent's cooperation and progress, if any, in the sex offender treatment program.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.