■ In the Matter of VICTORIA X., a Child Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN X., Appellant. [824 NYS2d 477]—

Lahtinen, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered November 28, 2005, which, in a proceeding pursuant to Family Ct Act article 10, issued an order of protection.

Respondent is the father of two children, a daughter born in 1992 and a son born in 1988. Petitioner alleged, among other things, that respondent and his wife had abused their children. At a fact-finding hearing, respondent admitted that he knew his daughter was being sexually abused by his son and he did nothing to stop such ongoing conduct. He further acknowledged firing an arrow from a compound bow in the direction of his son to scare him. Based on these admissions, Family Court found the children to be neglected and set the matter for dispositional hearing. At that hearing, the parties stipulated to all aspects of the disposition except whether respondent should be permitted visitation with his daughter. As to such issue, a report from the daughter's therapist was received. Respondent did not testify at the dispositional hearing. No other evidence was presented. In its November 2005 order of protection, Family Court denied respondent any visitation with his daughter through September 2006. Respondent appeals.*

Respondent argues that the proceedings failed to provide a

---

* At oral argument, respondent's attorney indicated that the order denying respondent contact with his daughter has been extended to November 30,

sufficient basis to deny him any visitation. While "denial of visitation to a biological parent must be based on compelling reasons and substantial evidence that such visitation would be detrimental or harmful to the child's welfare[,] . . . the rights of a parent are subordinate to the policy of protecting a child from a parent who is incapable or unwilling to perform his or her parental responsibilities" (*Matter of Sullivan County Dept. of Social Servs. v Richard C.*, 260 AD2d 680, 682 [1999], *lv dismissed* 93 NY2d 958 [1999] [citations omitted]; *see Matter of Shaun X.*, 300 AD2d 772, 773 [2002]). "The paramount issue in a dispositional hearing is the best interest of the child, and an inquiry into the child's best interest involves consideration of the parent's ability to supervise the child and any potential threat of future abuse or neglect" (*Matter of Kathleen OO.*, 232 AD2d 784, 786 [1996] [citation omitted]). "A determination of the child['s] best interests should only be made after a full evidentiary hearing unless there is sufficient information before the court to enable it to undertake an independent comprehensive review of the child['s] best interests" (*Matter of Kenneth H. v Barbara G.*, 256 AD2d 1029, 1029 [1998] [citations omitted]).

Although the dispositional hearing was not extensive, most issues had been resolved by stipulation. Moreover, Family Court had presided over the earlier proceedings and heard respondent admit that he knew his son was sexually abusing his daughter and he took no action to stop such conduct. The court also heard respondent admit to shooting an arrow at his other child (*see Matter of Jennifer F.*, 235 AD2d 855, 856-857 [1997], *lv denied* 89 NY2d 815 [1997] [abusive conduct toward one child can be derivative evidence as to another child]). Clearly there was evidence that respondent both disregarded the welfare of his children and actively put them at risk. Furthermore, the report of the daughter's therapist, which was received without objection, related that the child was making progress in the foster home, she expressed that she felt safe in the foster home, she indicated prior sexual abuse by both her brother and respondent, she repeatedly verbalized fear of respondent, and she stated that she did not want to see respondent. The therapist concluded that "contact with [respondent] is clinically contraindicated at this time." Based upon such information, Family Court's decision to prohibit visitation for 10 months is adequately supported by the record and did not constitute an abuse of its discretion (*see Matter of Shaun X., supra* at 773; *Matter of Angela OO.*, 204 AD2d 768, 769 [1994], *lv denied* 84 NY2d 803 [1994]).

2006. While neither that order nor a notice of appeal from that order appears in the record, petitioner has not argued mootness.

Next, we consider respondent's assertion that he was denied the effective assistance of counsel. After reviewing the totality of circumstance revealed in the record and applying the well-established standard of review (*see e.g. Matter of Ashley M.*, 235 AD2d 858, 859 [1997]), we are unpersuaded that respondent did not receive meaningful representation (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). The remaining arguments have been considered and found unavailing.

Carpinello, J.P., Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.