■ In the Matter of MILICIA NN. and Another, Children Alleged to be Neglected. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FELICIA NN., Appellant. [817 NYS2d 415]— Rose, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered May 11, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the mother of two children (born in 1992 and 2001). After receiving a hotline report that she had left her chil-

dren unsupervised and did not feed them for more than 24 hours, petitioner commenced this proceeding alleging that she had neglected them. Following a fact-finding hearing, Family Court sustained the petition, largely attributed respondent's neglect of her children to her abuse of alcohol, and later ordered that the children be placed in petitioner's custody for up to 12 months. Arguing only that the court erred in finding in the later dispositional order that petitioner made reasonable efforts to return her children, respondent appeals.

Since respondent appeals only from Family Court's fact-finding order entered May 11, 2005, but now challenges the propriety of a finding made by Family Court in its later dispositional order, her arguments are not properly before us (*see Matter of Erika G.*, 289 AD2d 803, 804 [2001]; *Matter of Jason FF.*, 224 AD2d 900, 901 [1996]), and the fact-finding order must be affirmed as respondent has raised no issues with respect to it (*see generally Matter of Corey C.*, 20 AD3d 736, 737 [2005]). In any event, if the matter were properly before us, we would find it to be wholly without merit. Petitioner's efforts to have respondent evaluated and treated regarding her alcohol abuse were met with respondent's persistent refusal to admit her abuse or participate in the evaluation. Family Court properly found that petitioner made the requisite reasonable efforts to return the children to respondent's custody, and any failure in that respect was caused by her own conduct (*see* Family Ct Act § 1052 [b] [i] [A]).

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.