In the Matter of Michael WW., a Child Who has Been Freed for Adoption. Clinton County Department of Social Services, Appellant; Cheryl Maxwell, as Law Guardian, Respondent. [846 NYS2d 739]—

Kane, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered July 12, 2006, which, in a proceeding pursuant to Family Ct Act article 10-A, found that petitioner did not make reasonable efforts to finalize the permanency plan of adoption for Michael WW.

Michael WW. (born in 1990) was freed for adoption and began living in a residential facility. At a January 2006 permanency hearing, Family Court found that petitioner failed to make reasonable efforts to finalize the permanency plan of adoption. By order dated January 17, 2006, the court required petitioner to immediately take all steps necessary to address a barrier to Michael's adoption by placing him in a facility that could provide sexual abuse victim and offender treatment directed at adolescents who are moderately mentally retarded. Michael was placed in an appropriate facility in Massachusetts on June 12, 2006.

Petitioner filed a permanency hearing report (see Family Ct Act § 1089 [b], [c]), and Family Court held a permanency hearing in June 2006, where the evidence consisted of the progress letters and testimony by petitioner's caseworker handling Michael's case. The court approved the permanency plan, but found that petitioner again failed to make reasonable efforts to finalize that plan of adoption. Petitioner appeals.

Petitioner made reasonable efforts to finalize the permanency plan. A court's order following a permanency hearing where a child has been freed for adoption must include in its findings a determination of whether reasonable efforts have been made to effectuate and finalize the plan for adoption of the child (see Family Ct Act § 1089 [d] [2] [iii]). This case presents a matter of first impression concerning the application of the reasonable efforts standard under this 2005 statute.

Here, the evidence shows that within two weeks of receiving Family Court's order following the January 2006 hearing, petitioner investigated all facilities in New York which might offer the services that Michael needed. When no suitable facilities were located, the search was expanded to include Massachusetts and Vermont, the two contiguous states closest to Clinton County. Less than two weeks after no suitable New York placement could be located, informational packets had been sent to a number of facilities, the possibilities were narrowed to three or four facilities and two facilities interviewed Michael to determine the appropriateness of his placement with them. Within one week after Michael had been accepted by the last of the three potential facilities, petitioner selected what it considered the most suitable placement for Michael. Petitioner then sought approval by the state office for Interstate Compact on the Placement of Children, an approval which could not be obtained until a facility had been chosen (see Social Services Law § 374-a). That approval was granted approximately three weeks after submission. When the chosen facility was informed of compact approval a few days later, its staff informed petitioner that no

opening existed at that time but Michael could be admitted in a matter of weeks. Petitioner had weekly contact with the facility, which continued to advise petitioner that it was waiting on the discharge of a present student so a bed would open for Michael, who was first on the list. Due to unanticipated delays at the facility, and through no fault attributable to petitioner, no opening materialized until the first week of June 2006. Michael was admitted to the facility on June 12, 2006.

Throughout this time, petitioner listed Michael in the photo-list of children available for adoption. Petitioner also maintained contact with his uncle, who was a former foster parent for Michael and current foster parent for his brother. Pursuant to the January 17, 2006 order, petitioner kept Family Court informed of its placement progress through biweekly written reports. Although the actual placement in a suitable facility did not occur until several months after the court's prior order, and the court was understandably frustrated with petitioner's failure to make reasonable efforts in the time prior to entry of that January order, we find that petitioner's efforts between January and June 2006 to further the permanency plan of adoption were reasonable under the circumstances.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as found that petitioner did not make reasonable efforts to finalize the permanency plan of adoption for Michael WW.; matter remitted to the Family Court of Clinton County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.