■ In the Matter of BIANCA QQ., a Neglected Child. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent-Appellant; KIYONNA SS., Appellant-Respondent. (Proceeding No. 1.) In the Matter of JOSEPH RR., a Neglected Child. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent-Appellant; KIYONNA SS., Appellant-Respondent. (Proceeding No. 2.) [914 NYS2d 402]—

Stein, J. (1) Cross appeals from two orders of the Family Court of Clinton County (Lawliss, J.), entered November 5, 2009, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10-A, to continue the placement of respondent's children, and (2) appeals from two orders of said court, entered May 7, 2010, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10-A, to continue the placement of respondent's children.

Respondent is the mother of two children (born in 2001 and 2003). The children were temporarily removed from respondent's custody and placed with foster parents in 2009. Placement was continued after Family Court determined that respondent had neglected and abused both children. Following permanency hearings, Family Court entered two orders in November 2009 which directed, among other things, that the children remain in the custody of petitioner, with a permanency goal of returning the children to respondent by May 2010. In doing so, however, Family Court made a finding, among others, that petitioner had not made reasonable efforts to eliminate the need for placement of the children and to enable the children to return safely to respondent. Petitioner and respondent cross-appeal from these orders. Respondent also appeals from two subsequent permanency orders entered in May 2010, which continued the children's placement in foster care and modified the permanency goal to placement for adoption.

In October 2010, Family Court entered a custody order on consent, granting sole legal and physical custody of the children to their maternal great aunt and awarding respondent supervised visitation. As a result of the entry of this order, we find, and the parties agree, that respondent's appeals have been rendered moot. Petitioner's cross appeals from the November 2009 orders, however, are not moot because Family Court's finding with regard to petitioner's failure to make reasonable ef-

forts may have an adverse effect on petitioner's receipt of federal funding (see 45 CFR 1356.21 [a], [b] [2]; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713 [1980]; compare Matter of Spano v Wing, 285 AD2d 809, 811 [2001]).

The record reveals that petitioner's efforts during the relevant time period—from March 4, 2009 through October 13, 2009—to eliminate the need for placement and enable the children to return to respondent's care included, among other things, arranging individual counseling sessions for respondent, placing respondent on a waiting list for group anger therapy sessions, providing financial assistance to respondent to facilitate her attendance at appointments and referring respondent to parenting classes. We also note that respondent was out of state and unavailable from April 14, 2009 until June 1, 2009. While it might be better practice for petitioner to provide more specificity in its permanency reports regarding the dates the services were provided, we find that the reports submitted in this matter sufficiently demonstrated that its efforts were reasonable under the circumstances (see Matter of Michael WW., 45 AD3d 1227, 1228 [2007]) and that Family Court erred in finding to the contrary.

Mercure, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the orders entered November 5, 2009 are modified, on the law, without costs, by reversing so much thereof as determined that petitioner failed to make reasonable efforts to eliminate the need for placement, and, as so modified, affirmed. Ordered that the appeals from the orders entered May 7, 2010 are dismissed, as moot, without costs.