In the Matter of TAYLOR EE., a Child Freed for Adoption. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [914 NYS2d 404]—

McCarthy, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered November 13, 2009, which, in a proceeding pursuant to Family Ct Act article 10-A, found that petitioner did not make reasonable efforts to finalize the permanency plan for Taylor EE.

Taylor EE. (born in 1994) was freed for adoption when his parent's parental rights were terminated in 2008. His three siblings have all been adopted by one family. Due to Taylor's developmental disabilities which render him unable to function in a mainstream school or traditional home environment, he is placed at a residential facility. After a permanency hearing,

Family Court approved the permanency plan of placement in an adult residential care facility with a significant connection to an adult resource (yet to be determined), but found that petitioner failed to make reasonable efforts to finalize that plan (*see* Family Ct Act § 1089 [d] [2] [i], [iii]). Petitioner appeals.

Although Family Court issued a new permanency hearing order in May 2010, this appeal is not moot because the finding regarding a lack of reasonable efforts may have an effect on petitioner's receipt of federal funding (*see* 45 CFR 1356.21 [a], [b] [2]; *cf. Matter of Brandon DD. [Jessica EE.]*, 74 AD3d 1435, 1437 n 2 [2010]).

Family Court did not err in finding that petitioner failed to make reasonable efforts to finalize Taylor's permanency plan of placement in an adult residential care facility with a significant connection to an adult resource.* As proof of its efforts, petitioner offered the permanency hearing report and testimony from a caseworker newly assigned to Taylor's case. According to this evidence, petitioner suggested to the residential facility where Taylor lived that one of its teachers could be his adult resource. This idea was abandoned because it violated the facility's policies regarding appropriate student-employee boundaries. The report stated that "it could be possible in the future, to see if the adoptive parents [of Taylor's siblings] might consider being a significant connection for him." The caseworker testified that she brought this subject up with the adoptive mother on the morning of the permanency hearing and the adoptive mother stated that she would consider the possibility.

Family Court correctly determined that these efforts were not reasonable. The record contained no information about when petitioner made its suggestion to the facility or how long it took for the facility to reject it. Although petitioner informed the court that no relatives were willing, suitable and available to adopt Taylor, petitioner did not explain whether it investigated among relatives to see if they would be willing to serve as a significant connection or resource for Taylor. Taylor had lived in the community for approximately 13 years before his placement with petitioner, yet petitioner did not mention whether it attempted to locate any adults in the community with whom he may have had an established relationship to see if they would be willing to serve as his significant connection. We give deference to the court's factual findings here, which are supported by a sound and substantial basis in the record (*see Matter of*

---

* Because Taylor was only 15 years old and cannot be placed in an adult residential facility for several years, no issue was raised regarding petitioner's efforts to place him in such a facility at this time.

*Bianca QQ. [Kiyonna SS.]*, 75 AD3d 679, 681 [2010]). The court was justified in finding that petitioner's negative view of Taylor, as manifested by statements in the permanency hearing report, infected the process and contributed to petitioner's lack of efforts to further Taylor's placement goal. Considering the one unsuccessful suggestion that the placement facility find an adult resource, the day-of-hearing discussion of a future possibility of the siblings' adoptive mother acting as a significant connection, and the lack of any investigation to locate adults with a previously-established relationship to Taylor, the court did not err in finding that petitioner failed to make reasonable efforts to finalize Taylor's permanency placement plan (*compare Matter of Michael WW.*, 45 AD3d 1227, 1228-1229 [2007]).

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.