■ In the Matter of TELSA Z., an Abused and Neglected Child. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DENISE Z., Appellant. [934 NYS2d 574]—

Garry, J.

Respondent is the mother of two daughters (born in 2000 and 2001) who have been in petitioner's care since their initial placement in January 2009 in relation to allegations that their father

repeatedly sexually abused the older child. The father subsequently surrendered his parental rights to both children following an adjudication of abuse and neglect of the older daughter and derivative abuse and neglect of the younger daughter in which these allegations were sustained. In 2010, respondent was separately found to have neglected both children based on her awareness of the father's sexual abuse of the older child and failure to protect the children. At that time, Family Court continued the children's placement with petitioner with a permanency goal of return to respondent and denied visitation with the children.[1] In January 2011, Family Court held a permanency hearing and issued separate orders for the children, which again denied respondent visitation, continued placement of the children with petitioner and maintained the permanency goal of reunification. Respondent appeals, arguing that petitioner failed to make reasonable efforts toward reunification as she was denied visitation with the children.[2,3]

We affirm. Family Court's continued denial of respondent's visitation was "based on compelling reasons and substantial evidence that such visitation would be detrimental or harmful to the child's welfare" (*Matter of Rebecca KK.*, 55 AD3d 984, 985 [2008] [internal quotation marks and citations omitted]; *accord Matter of Hobb Y.*, 56 AD3d 998, 999 [2008]). The older child's severe mental health issues resulting from her abuse have led to placement at a residential treatment center. Both her social worker and psychiatrist recommended that there be no visitation between respondent and the child, as the child has made inconsistent progress and has difficulty handling stressful situations. Despite being provided with the means and direction to do so, respondent has failed to communicate with these service providers to understand the child's mental health and behavioral needs in preparation for any possible visitation that may occur. We find no abuse of discretion, as the record fully supports the determination that visitation was not in the best interests of

1. These orders were affirmed upon appeal (*Matter of Telsa Z. [Denise Z.]*, 84 AD3d 1599 [2011], *lv denied* 17 NY3d 708 [2011]; *Matter of Telsa Z. [Denise Z.]*, 81 AD3d 1130 [2011]).

2. Respondent's notice of appeal referenced only the order pertaining to the older child, so her arguments concerning the younger child are not properly before this Court (*see Matter of Cali L.*, 61 AD3d 1131, 1133 [2009]; *Matter of Milicia NN.*, 30 AD3d 722, 723 [2006]).

3. The order appealed from was later amended by Family Court to reflect the revised date of the next permanency hearing; under these circumstances this Court may review the amended order without the filing of another notice of appeal (*see Matter of Michaela PP. [Derwood PP.]*, 67 AD3d 1083, 1084 n [2009]).

the child (see Matter of Victoria X., 34 AD3d 1117, 1118 [2006], lv denied 8 NY3d 806 [2007]; Matter of Sullivan County Dept. of Social Servs. v Richard C., 260 AD2d 680, 682-683 [1999], lv dismissed 93 NY2d 958 [1999]).

The record further reveals that petitioner provided and recommended services to respondent—including mental health services, sex offender counseling, family safety education and parenting classes—and provided financial assistance to allow respondent to attend, but respondent repeatedly failed to participate in or to complete such programs. As stated above, petitioner also made efforts to encourage respondent's interactions with the child's treatment and care providers, with little success. Accordingly, Family Court properly determined that petitioner had made reasonable efforts toward reunification (see Matter of Bianca QQ. [Kiyonna SS.], 80 AD3d 809, 810 [2011]; Matter of Milicia NN., 30 AD3d 722, 723 [2006]).

Spain, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.