█ In the Matter of DAKOTA F., a Child Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGELA F., Appellant. [939 NYS2d 586]—

McCarthy, J. 

Respondent is the mother of Dakota F. (born in 2003), who is in petitioner's custody. In September 2009, while the permanency planning goal was return to parent, petitioner submitted a permanency hearing report recommending that the goal be changed to placement for adoption. Following a hearing, Family Court issued an order stating that "[p]etitioner's permanency goal for the child is approved as follows: Concurrent plan of return to parent and placement for adoption."[1] Respondent appeals.[2]

We reverse. Pursuant to Family Ct Act § 1089 (d), the proof adduced at a permanency hearing "shall include age-appropriate consultation with the child who is the subject of the permanency hearing." Although the statute does not require a young child, such as then-six-year-old Dakota, to be personally produced in court (see Matter of Pedro M., 21 Misc 3d 645, 646-648 [2008]), Family Court must find some age-appropriate manner to consult with the child. The court here erred by not consulting with the child in any manner, or even eliciting an opinion or the child's wishes from the attorney for the child (see Matter of Rebecca KK., 61 AD3d 1035, 1037 [2009]; 22 NYCRR 205.17 [e]). We need not decide whether this failure alone requires reversal; that result is necessary due to a more fundamental error.

Family Court erred by imposing concurrent and contradictory

---

1. "Family Court has the authority to approve or modify the proposed permanency goal" (Matter of Rebecca KK., 55 AD3d 984, 986 [2008]; see Family Ct Act § 1089 [d] [2] [i]), but the court's order here was confusing. Although the order stated that the court "approved" petitioner's goal, the court actually modified it by listing a goal different from the one recommended by petitioner.

2. We do not find that Family Court's entry of a June 2011 permanency hearing order that also includes concurrent permanency goals rendered this appeal moot (see Matter of Jacelyn TT. [Tonia TT.—Carlton TT.], 80 AD3d 1119, 1120 [2011]). This Court has been informed that Family Court entered an order terminating respondent's parental rights in October 2011, but we have not received such order and have been informed that respondent is appealing from it. Even if entry of that order did render this appeal moot, the exception to the mootness doctrine applies because the issues here are substantial, novel, likely to be repeated, and typically evade review (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]).

permanency goals.[3] Pursuant to statute, "[t]he permanency goal may be determined to be: (A) return to parent; (B) placement for adoption with the local social services official filing a petition for termination of parental rights; (C) referral for legal guardianship; (D) permanent placement with a fit and willing relative; or (E) placement in another planned permanent living arrangement that includes a significant connection to an adult willing to be a permanency resource for the child" (Family Ct Act § 1089 [d] [2] [i]). As signified by the use of the conjunction "or" and the singular word "goal" as opposed to the plural "goals," the permissible options for the permanency goal are listed as alternatives, with the court to choose only one. Nothing in the statute indicates that the court may select and impose on the parties two or more goals simultaneously.[4] The goals selected here, which the court ordered petitioner to implement concurrently, are inherently contradictory. Petitioner cannot reasonably work toward the goal of placing the child for adoption—which, pursuant to the statute, requires petitioner to file a petition to terminate respondent's parental rights (*see* Family Ct Act § 1089 [d] [2] [i] [B])—while at the same time trying to return the child to his parent (*but see Matter of Sharu K.*, 20 Misc 3d 479, 487 [2007] [stating that a court "may adjudicate a particular goal yet direct the (agency) to engage in concurrent planning"]; *Matter of Marylou L. v Tenecha L.*, 182 Misc 2d 457, 464 [1999]). Because the court did not consult with the child and imposed concurrent—and inherently contradictory—permanency goals rather than a single permanency goal, we must remit for further proceedings.

Based upon our remittal, we need not address the parties' remaining contentions.

Mercure, A.P.J., Rose, Spain and Malone Jr., JJ., concur. Ordered that the amended order is reversed, on the law, without costs, and matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.

---

**3.** We note that this is not the only time that Family Court has improperly ordered concurrent permanency goals (*see Matter of A.D.*, 27 Misc 3d 1229[A], 2010 NY Slip Op 50967[U], *2 [2010]; *see also Matter of Andrea D.*, 25 Misc 3d 503, 504 [2009]).

**4.** Where it is not likely that the child will be returned to a parent, the court's written order must state "what efforts should be made to evaluate or plan for another permanent plan" (Family Ct Act § 1089 [d] [2] [iv]). This provision does not authorize approval of more than one permanency goal; it merely authorizes an agency, regardless of the current goal, to evaluate and plan for other potential future goals where reunification with a parent is unlikely.