In the Matter of CLOEY S. and Another, Children Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANTHONY T., Appellant. (And Two Other Related Proceedings.) [952 NYS2d 657]—

Stein, J.

Respondent is the father of a daughter (born in 2009) and a son (born in 2011). Petitioner commenced this neglect proceed-

ing against respondent in August 2011.* Respondent waived his right to a fact-finding hearing and admitted all relevant allegations contained in the petition. Supreme Court then directed that the children be temporarily removed from the care of respondent and the children's mother and placed the children with their maternal grandmother; orders of fact-finding and disposition were thereafter issued, accordingly. At the conclusion of a combined permanency/dispositional hearing, the court found, as relevant here, that petitioner had demonstrated that it made reasonable efforts at reunifying the parents and the children and ordered that the children remain in the grandmother's care pending a subsequent permanency hearing. Respondent now appeals, arguing only that Supreme Court's finding that petitioner exercised reasonable efforts to eliminate the need for continued placement of the children was in error (*see* Family Ct Act § 1089 [d] [2] [iii]). We disagree and, therefore, affirm.

The record reflects that respondent has a history of sexual offenses committed against minors and of failing to follow up with recommended services, which led to, among other things, a prior finding of neglect. With respect to this proceeding, petitioner's efforts included, among other things, reviewing respondent's sex offender risk assessment recommendations, explaining to respondent the importance of his compliance with random weekly drug testing required as a condition of his probation, providing caseworkers to review and explain the terms of existing court orders pertaining to respondent in an attempt to facilitate his compliance with such orders, providing referrals to sex offender and substance abuse treatment programs, as well as mental health counseling, facilitating and supervising weekly visitation with his children and providing Medicaid, emergency housing assistance and other similar services. Upon our review of the record, we are satisfied that petitioner demonstrated that it fulfilled its statutory obligation by making reasonable efforts intended to eliminate the need for continued placement of the children that were tailored to respondent's individual situation (*see generally Matter of Telsa Z. [Denise Z.]*, 90 AD3d 1193, 1195 [2011], *lv denied* 18 NY3d 806 [2012]; *Matter of Jacelyn TT. [Tonia TT.—Carlton TT.]*, 80 AD3d 1119, 1121 [2011]).

To the extent not specifically addressed herein, respondent's remaining contentions have been considered and found to be without merit.

---

* Petitioner also commenced a neglect proceeding against Tiffany S., the children's mother. Tiffany S. consented to the removal of the children and to a finding of neglect. She is not a party to this appeal.

Lahtinen J.P., Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.