■ In the Matter of JULIAN P. and Others, Children Alleged to be Abused and Neglected Children. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; MELISSA P., Respondent, and ZACHARY L., Appellant. [966 NYS2d 563]—

Garry, J. Appeals from an order of the Family Court of Columbia County (Nichols, J.), entered May 23, 2011, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10-A, to approve the permanency plans for the subject children.

Respondent Melissa P. (hereinafter the mother) and respondent Zachary L. (hereinafter the father) are the parents of three children (born in 2004, 2006 and 2009). In March 2010, petitioner obtained an order of protection and commenced neglect proceedings against the mother arising from allegations that she had slapped the oldest child. Upon the mother's admission, the children were subsequently adjudicated to be neglected and placed in the custody of the maternal grandmother, while the mother was placed under a six-month order of supervision. Following a hearing in November 2010, Family Court approved a permanency goal of returning the children to the mother. Shortly thereafter, however, the youngest child was discovered to have several unexplained broken bones.[1] The court granted petitioner's resulting application for temporary removal of the children, issued orders of protection on the children's behalf, including an order relative to the father, and ordered supervised visitation between the children and the father. Petitioner then commenced abuse and neglect proceedings against the mother and grandmother, and against the mother's live-in paramour.

The father subsequently participated in a permanency hear-

---

1. At this time, the mother and her paramour were apparently residing in the same home as the grandmother and the children. The cause of the youngest child's injuries had not been established at the time of the proceedings leading to this appeal.

ing held in April 2011. At this time petitioner was recommending continued placement, with a permanency goal of returning the children to a parent. At the end of the hearing, Family Court continued the children's placement and approved petitioner's goal of reunification as to the mother only. As to the father, the court disapproved the goal of reunification, directed petitioner to commence a permanent neglect proceeding to terminate his parental rights and suspended his supervised visitation. Petitioner and the father appeal, and the appellate attorney for the children supports their contentions.

Family Court erred by imposing separate and contradictory permanency goals on the mother and father. Upon concluding at the end of a permanency hearing that a child is not to be returned immediately to a parent, the court must determine whether the permanency goal should be approved or modified and may select among five statutory permanency goals (*see* Family Ct Act § 1089 [d] [2] [i]; *Matter of Jacelyn TT. [Tonia TT.— Carlton TT.]*, 80 AD3d 1119, 1120 [2011]). These "goal[s] are listed as alternatives, with the court to choose *only one*. Nothing in the statute indicates that the court may select and impose on the parties two or more goals simultaneously" (*Matter of Dakota F. [Angela F.]*, 92 AD3d 1097, 1099 [2012] [emphasis added]). The statute contemplates the commencement of termination proceedings against a parent only when the permanency goal is "placement for adoption" (Family Ct Act § 1089 [d] [2] [i] [B]). To require such proceedings as to one parent where, as here, the permanency goal is reunification with the other parent is not only inconsistent with the statutory goals but also with the overall goal of permanent neglect proceedings, to further the children's best interests by freeing them for adoption when positive parental relationships no longer exist (*see* Social Services Law § 384-b [1] [b]; *Matter of Cadence SS. [Amy RR.—Joshua SS.]*, 103 AD3d 126, 128-129 [2012], *lv denied* 21 NY3d 853 [2013]; *see also Matter of Latif HH.*, 248 AD2d 831, 831-832 [1998]). Thus, Family Court lacked authority to direct petitioner to commence a termination proceeding that—even if successful—would not result in freeing the children for adoption.

Further, the father's supervised visitation should not have been suspended. As he acknowledged, the father had visited the children infrequently for a lengthy period before they were placed in foster care.[2] However, after supervised visits were

---

2. The record does not reveal what the father's custodial rights were during this time, but indicates that, in 2006, supervised visitation was ordered

ordered upon their removal, he regularly attended weekly visits and was described by visit supervisors as loving and affectionate, very engaged and "extremely appropriate" with the children. He participated in petitioner's service plan reviews and frequently contacted caseworkers for information about the children's health and progress. Moreover, although his efforts to address long-standing substance abuse issues had been sporadic and unsuccessful, there was no indication that these issues had caused difficulties during his direct contact with the children, and he had scheduled an appointment for admission to inpatient treatment at the time of the permanency hearing. As the record was thus devoid of "compelling reasons and substantial evidence that [the father's] visitation would be detrimental or harmful to the child[ren]'s welfare," the suspension of his supervised visits was improper (*Matter of Victoria X.*, 34 AD3d 1117, 1118 [2006], *lv denied* 8 NY3d 806 [2007] [internal quotation marks and citation omitted]; *see Matter of Laware v Baldwin*, 42 AD3d 696, 697 [2007]; *compare Matter of Telsa Z. [Denise Z.]*, 90 AD3d 1193, 1194-1195 [2011], *lv denied* 18 NY3d 806 [2012]; *Matter of Hobb Y.*, 56 AD3d 998, 999 [2008]).

Finally, we agree with the father that Family Court erred in failing to engage in age-appropriate consultation with the children, the oldest of whom was six years of age at the time of the permanency hearing. The attorney for the children opposed the goal of reunification with a parent, but did not state a basis for this position, nor indicate the children's preferences regarding the father. Family Ct Act § 1089 (d) does not require personal consultation with young children, but the court is required to find some age-appropriate means of ascertaining their wishes, and this information was lacking here (*see Matter of Dakota F. [Angela F.]*, 92 AD3d at 1098; *Matter of Rebecca KK.*, 61 AD3d 1035, 1037 [2009]; 22 NYCRR 205.17 [e]).

Rose, J.P., Lahtinen and Spain, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as directed petitioner to commence a proceeding to terminate the parental rights of respondent Zachary L. and as suspended his supervised visitation, and, as so modified, affirmed.

through Family Ct Act article 6 proceedings. Significantly, there was no suggestion that the youngest child's injuries resulted from any act or omission on his part.