# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**941**

**CAF 13-00477**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF ANASTASIA S., ALEXIA S.,
JADEN S., JOCELYN S. AND DRAVEN S.
-------------------------------------------
CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL       MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

MICHAEL S., RESPONDENT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR RESPONDENT-APPELLANT.

STEPHEN J. RILEY, OLEAN, FOR PETITIONER-RESPONDENT.

MARY ANNE CONNELL, ATTORNEY FOR THE CHILDREN, BUFFALO.

---

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered March 8, 2013 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order terminating his parental rights based on a finding of permanent neglect pursuant to Social Services Law § 384-b, respondent father contends that petitioner, the Cattaraugus County Department of Social Services (DSS), failed to fulfill its statutory duty to make diligent efforts to strengthen his relationship with the subject children. We reject that contention. To establish permanent neglect, DSS had the burden of proving by clear and convincing evidence, inter alia, that "it made diligent efforts to encourage and strengthen the relationship between the [father] and [the children] by providing services and other assistance aimed at ameliorating or resolving the problems preventing [the children's] return to [the father's] care" (*Matter of Makayla S. [David S.—Alicia P.]*, 118 AD3d 1312, 1312 [internal quotation marks omitted]; *see* § 384-b [7] [a]). Here, DSS referred the father for mental health counseling, parenting classes, and a drug and alcohol evaluation, none of which he pursued. DSS also gave the father guidance on obtaining housing, providing him with a list of landlords and financial service providers. Moreover, DSS arranged for the father to have weekly visitation prior to his incarceration, and arranged for one visit while he was incarcerated.

The father complains that DSS did not provide him with financial assistance to obtain a suitable apartment, but the record establishes that he had already exhausted all the financial relief available to him.  We note that DSS had previously paid the father's rent for an entire year notwithstanding the fact that he was working at the time and one of his children was receiving Social Security disability benefits.  Although it may be true, as the father asserts, that the DSS caseworker contemplated adoption as an eventual outcome for the subject children shortly after they were removed from the father's home, DSS is permitted to "evaluate and plan for other potential future goals where reunification with a parent is unlikely" (*Matter of Dakota F. [Angela F.]*, 92 AD3d 1097, 1099, n 4), and "[s]imultaneously considering adoption and working with a parent is not necessarily inappropriate" (*Matter of Maryann Ellen F.*, 154 AD2d 167, 170, *appeal dismissed* 76 NY2d 773).

Based on our review of the record, we conclude that, as Family Court properly determined, DSS made the requisite diligent efforts to strengthen the father's relationship with his children (*see Matter of Noah V.P. [Gino P.]*, 96 AD3d 1472, 1473; *Matter of Tiosha J. [Kachoya H.]*, 96 AD3d 1498, 1498).  The father does not dispute that he failed to plan for the future of his children, and we thus conclude that the court properly terminated his parental rights based on permanent neglect.

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court