*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 4, 2014                516563
_____

In the Matter of SAMUEL DD.,
    Alleged to be a Permanently
    Neglected Child.

ALBANY COUNTY DEPARTMENT FOR
    CHILDREN, YOUTH AND                    MEMORANDUM AND ORDER
    FAMILIES,
                    Respondent;

MARGARET DD.,
                    Appellant.
_____

Calendar Date:  October 17, 2014

Before:  Stein, J.P., McCarthy, Garry, Lynch and Devine, JJ.

_____

        Bruce E. Knoll, Albany, for appellant.

        Jeffrey G. Kennedy, Albany County Department for Children,
Youth and Families, Albany, for respondent.

        Jeffrey Berkun, Albany, attorney for the child.

_____

Stein, J.P.

        Appeals from two orders of the Family Court of Albany
County (M. Walsh, J.), entered July 13, 2012 and March 18, 2013,
which granted petitioner's application, in a proceeding pursuant
to Social Services Law § 384-b, to adjudicate Samuel DD. to be a
permanently neglected child, and terminated respondent's parental
rights.

        Respondent is the mother of Samuel DD. (born in 2001).  In

May 2009, petitioner commenced a Family Ct Act article 10 proceeding to adjudicate Samuel to be a neglected child and alleged, among other things, that respondent had educationally neglected the child and failed to provide him with necessary medical treatment, which resulted in the child exhibiting severe behavioral issues at school. Additionally, petitioner alleged that respondent's own mental health issues prevented her from appropriately caring for the child. Shortly thereafter, the child was removed from respondent's custody and placed in foster care, where he has since remained. In July 2009, respondent agreed to a reunification plan proposed by petitioner. Although respondent initially complied with the evaluative aspects of the plan, she ultimately refused to follow the recommendations that resulted from the evaluations. At a subsequent Family Court appearance, respondent opposed the reunification plan, particularly the recommendation that the child receive medication for his mental health conditions.

Following a fact-finding hearing, Family Court adjudicated the child to be neglected. The parties thereafter stipulated to an order of disposition in March 2010 which, among other things, placed respondent under petitioner's supervision for one year, continued the child's placement with petitioner and directed that the child remain in his current residential placement.[1] The dispositional order also directed that the child be provided with a specialized classroom setting and mental health treatment, including counseling. It further required respondent to undergo a mental health evaluation, receive treatment and participate in family counseling. Additionally, Family Court ordered weekly supervised visitation between respondent and the child.

As a result of respondent's refusal to comply with the terms of the dispositional order, petitioner commenced this permanent neglect proceeding. Following a fact-finding hearing, Family Court adjudicated the child to be permanently neglected and, after a subsequent dispositional hearing, terminated respondent's parental rights. Respondent now appeals from both

---

[1] On appeal, this Court affirmed Family Court's neglect order (Matter of Samuel DD. [Margaret DD.], 81 AD3d 1120 [2011]).

the fact-finding and dispositional orders.[2]

We affirm. "To establish permanent neglect, petitioner was required to prove by clear and convincing evidence that it made diligent efforts to strengthen the parent-child relationship and that, despite those efforts, [respondent] has failed to . . . substantially plan for the child[]'s future for one year after the agency has been charged with the child[]'s care, although [she was] physically and financially able to do so" (Matter of Alister UU. [Angela VV.], 117 AD3d 1137, 1138 [2014] [internal quotation marks and citations omitted]; see Social Services Law § 384-b [7] [a]; Matter of Marissa O. [Grace NN.], 119 AD3d 1097, 1098 [2014]; Matter of Jayden J. [Johanna K.], 100 AD3d 1207, 1208 [2012], lv denied 20 NY3d 860 [2013]). As to the threshold inquiry of whether petitioner satisfied its statutory duty of strengthening the parent-child relationship with diligent efforts (see Matter of Star Leslie W., 63 NY2d 136, 142 [1984]), the record here amply demonstrates the efforts made by petitioner to assist respondent in overcoming the obstacles to her reunification with the child since July 2009, when the child was removed from respondent's custody and placed in foster care. Specifically, petitioner developed a two-step plan towards reunification. The first step was aimed at evaluating the child's educational needs, as well as the mental health needs of respondent and the child, while maintaining the parental relationship through regular visitation. To that end, petitioner, among other things, arranged for a 45-day evaluation of the child, meetings with the child's school district to plan for the child's education needs and a psychological evaluation of respondent.

---

[2] Respondent's appeal from the July 13, 2012 order must be dismissed, as no appeal as of right lies from an order of fact-finding in a permanent neglect proceeding (see Matter of Jah'Meir G. [Eshale G.], 112 AD3d 1014, 1015 [2013], lv denied 22 NY3d 863 [2014]; Matter of Kayden E. [Luis E.], 111 AD3d 1094, 1095 n 2 [2013], lv denied 22 NY3d 862 [2014]). However, respondent's appeal from the dispositional order brings up for review the fact-finding order (see id.).

The plan's second step required, among other things, respondent's attendance and participation in follow-up meetings to discuss the recommendations made as a result of the evaluations and to develop an overall service plan. Once the service plan was in place, respondent was required to undergo mental health treatment and participate in family counseling. In this regard, petitioner made arrangements for the recommended services and repeatedly attempted to convince respondent to engage in those services. Additionally, petitioner provided the child with weekly counseling in accordance with the professional recommendations made following the child's diagnosis of hyperactivity disorder and oppositional defiance disorder. Petitioner also notified respondent of the permanency planning meetings and service plan reviews and reminded respondent about meetings with the school district regarding the child. At all relevant times, petitioner arranged weekly supervised visitation between the child and respondent and provided financial assistance to respondent to facilitate those visits. In view of the extensive services provided by petitioner, we discern no basis to disturb Family Court's finding that petitioner made the requisite diligent efforts that were appropriately tailored to respondent's circumstances to encourage and strengthen the parent-child relationship[3] (see Social Services Law § 384-b [7] [a]; Matter of Alister UU. [Angela VV.], 117 AD3d at 1138; Matter of Asianna NN. [Kansinya OO.], 119 AD3d 1243, 1244-1245 [2014], lv denied ___ NY3d ___ [Oct. 23, 2014]; Matter of Cory N. [Jessica O.], 111 AD3d 1079, 1080 [2013]).

---

[3] We reject respondent's argument that petitioner did not make diligent efforts because it failed to investigate possible "religious-based" therapy. While respondent did make some inquiry as to the possibility of such therapy, the hearing testimony reveals that petitioner did not have contacts for such services and, although the order of supervision allowed respondent to select her own counselor, she never proposed a possible "religious-based" provider. Moreover, respondent changed churches and refused to provide petitioner's caseworkers with a release to enable them to obtain information regarding the availability of appropriate faith-based services to meet her needs.

The record reflects that, notwithstanding petitioner's diligent efforts, respondent continuously refused to acknowledge the reasons and conditions that led to the child's placement in petitioner's custody and supports Family Court's determination that, respondent "refused by failing to engage in key services designed to overcome [the] barriers to reunification," thereby failing to plan for the child's future despite being physically and financially able to do so. Although respondent attended most of the scheduled supervised visits with the child and exhibited appropriate behavior during those visits, following some initial evaluations, she refused to discuss the evaluative recommendations or participate in recommended counseling services or mental health treatment for herself or the child, including family therapy. Additionally, she missed several scheduled permanency planning meetings and service plan reviews.

Overall, respondent exhibited a consistent failure to cooperate with petitioner from the time the child was removed from her custody and failed to make any meaningful effort toward addressing the issues that led to the child's removal in the first instance (see Matter of Asianna NN. [Kansinya OO.], 119 AD3d at 1247). In fact, she affirmatively expressed to caseworkers that she would not comply with certain aspects of the dispositional order. Thus, petitioner established by clear and convincing evidence that respondent permanently neglected the child by failing to plan for his future for a period of more than one year (see Matter of Carter A. [Courtney QQ.], 121 AD3d 1217, 1219-1220 [2014]; Matter of Chorus SS. [Elatisha SS.], 93 AD3d 1097, 1098 [2012], lv denied 19 NY3d 807 [2012]).

As to disposition, we are unpersuaded that Family Court should have granted a suspended judgment in lieu of terminating respondent's parental rights (see Family Ct Act §§ 631 [b]; 633; Matter of Carter A. [Courtney QQ.], 121 AD3d at 1220). "'Following an adjudication of permanent neglect, the sole concern at a dispositional hearing is the best interests of the child and there is no presumption that any particular disposition, including the return of a child to a parent, promotes such interests'" (Matter of Johanna M. [John L.], 103 AD3d 949, 951 [2013], lv denied 21 NY3d 855 [2013], quoting Matter of Angelica VV., 53 AD3d 732, 733 [2008]; see Family Ct

Act § 631; Matter of Star Leslie W., 63 NY2d at 147-148).
Initially, we reject respondent's argument that Family Court
erred in failing to conduct an in camera interview with the
child, as none was requested by any of the parties and such
interview is not statutorily required (see Social Services Law §
384-b [3] [k]).  In any event, the attorney for the child
adequately conveyed to Family Court the child's ambivalence and
uncertainty regarding his wishes for the future.

     With respect to the merits of the dispositional
determination, there is no doubt that respondent and the child
enjoy a loving relationship despite their limited contact during
the child's placement in foster care.  However, it is also
evident that respondent failed to take advantage of the numerous
services and various forms of assistance offered by petitioner,
and made minimal efforts to ameliorate the problems that led to
the child's removal from her care.  Respondent also had a history
of unstable housing and refused to divulge her current address to
petitioner's caseworkers.  Moreover, at the time of disposition,
the child had been in foster care for four years and was placed
in a therapeutic foster home where his special needs were being
addressed.  Considering the circumstances and affording deference
to Family Court's choice of dispositional alternatives, there is
a sound and substantial basis in the record for its determination
that termination of respondent's parental rights was in the
child's best interests, and we, therefore, decline to disturb it
(see Matter of Jayden T. [Amy T.], 118 AD3d 1075, 1076 [2014];
Matter of Madalynn I. [Katelynn J.], 111 AD3d 1205, 1207 [2013];
Matter of Cory N. [Jessica O.], 111 AD3d at 1082).[4]

---

     [4]  While there is some merit to respondent's contention that
Family Court should not have adopted seemingly inconsistent
concurrent permanency goals of freeing the child for adoption and
returning him to her custody (see Matter of Julian P. [Melissa
P.–Zachary L.], 106 AD3d 1383, 1384 [2013]; Matter of Dakota F.
[Angela F.], 92 AD3d 1097, 1098-1099 [2012]), respondent did not
appeal from the permanency orders setting forth such goals (see
e.g. id.).  In any event, we are unconvinced that, under the
circumstances here, any such error constitutes a basis to disturb
either Family Court's determination that respondent permanently

Respondent's remaining contentions have been considered and are found to be lacking in merit.

McCarthy, Garry, Lynch and Devine, JJ., concur.

ORDERED that the appeal from the July 13, 2012 order is dismissed, without costs.

ORDERED that the March 18, 2013 order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

neglected the child or the resulting disposition.