Matter of Cherokee C. (Matthew C.) (2019 NY Slip Op 05239)





Matter of Cherokee C. (Matthew C.)


2019 NY Slip Op 05239


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

526378

[*1]In the Matter of CHEROKEE C., Alleged to be a Permanently Neglected Child. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MATTHEW C., Appellant.

Calendar Date: May 3, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Rumsey, JJ.


Monique B. McBride, Albany, for appellant.
Schenectady County Department of Social Services, Schenectady (Michael R. Godlewski of counsel), for respondent.
Veronica Reed, Schenectady, attorney for the child.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Family Court of Schenectady County (Burke, J.), entered March 14, 2018, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be permanently neglected, and terminated respondent's parental rights.
Respondent is the father of the subject child (born in 2013). In July 2014, the child was placed in the care of petitioner following respondent's verbal and physical altercations with the child's mother. In January 2017, petitioner commenced this proceeding seeking a finding that respondent had permanently neglected the child. After a fact-finding hearing, Family Court determined that respondent permanently neglected the child due, in part, to respondent's inability to secure stable housing and employment, failure to complete mental health counseling and violation of orders of protection that resulted in his incarceration. In March 2018, following a dispositional hearing, Family Court determined that it was in the child's best interests to be freed for adoption and terminated respondent's parental rights. The mother's parental rights were not terminated [FN1]. Respondent appeals.[FN2]
Contrary to respondent's contention, Family Court did not err in issuing a dispositional order that terminated respondent's parental rights and freed the child for adoption without terminating the mother's parental rights. Family Court's determination that the mother's parental rights remain intact is not inconsistent with the dispositional order as the record shows that the mother was in agreement with the goal of adoption (see Domestic Relations Law § 111 [c]). Notably, petitioner was not required to file a permanent neglect petition against the mother as "the child [was] being cared for by . . . relatives" (Social Services Law § 384-b [3] [l] [i] [A]), and petitioner also documented that it had "a compelling reason for determining that the filing of a petition would not be in the best interest of the child" as the mother consented to the child being freed for adoption (Social Services Law § 384-b [3] [l] [i] [B]). As such, the court did not issue an inconsistent dispositional order (compare Matter of April WW. [Kimberly WW.], 133 AD3d 1113, 1119 [2015]; Matter of Julian P. [Melissa P.—Zachary L.], 106 AD3d 1383, 1384 [2013]; Matter of Dakota F. [Angela F.], 92 AD3d 1097, 1099 [2012]).
We are also unpersuaded by respondent's contention that Family Court erred by admitting medical and mental health records into evidence at the fact-finding hearing [FN3]. Initially, we note that respondent did not raise this argument before Family Court, and it is therefore unpreserved for our review (see Matter of Donald G. v Hope H., 160 AD3d 1061, 1064 [2018]; Matter of Constance NN., 47 AD3d 986 [2008]). If the contention had been preserved, we would have found that it lacked merit. The medical and psychological records were properly admitted as certified business records without objection (see CPLR 3122-a [a] [4]; 4518 [a]; see generally Matter of Leon RR, 48 NY2d 117, 122-124 [1979]). Further, Family Court properly considered whether respondent had addressed his mental health concerns as one of the factors — in addition to considering his failure to secure stable housing and employment and his violation of protective orders — to determine that the child was permanently neglected (see Social Services Law § 384-b [4] [d]; see generally Matter of Logan C. [John C.], 169 AD3d 1240, 1244 [2019]; Matter of Alexander Z. [Jimmy Z.], 149 AD3d 1177, 1180 [2017]; compare Social Services Law § 384-b [4] [c]).
Garry, P.J., Egan Jr., Clark and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Petitioner and the attorney for the child maintain that the mother is awaiting the outcome of this appeal to surrender her parental rights to the child.

Footnote 2: Although respondent improperly appealed from Family Court's decision rather than the ensuing order entered thereon, we exercise our discretion and treat the premature notice of appeal as valid (see Matter of Bradly A. [Lawrence A.], 97 AD3d 931, 932 n 1 [2012], lv denied 19 NY3d 814 [2012]).

Footnote 3: "Contrary to petitioner's argument, respondent's appeal from the dispositional order brings the fact-finding order up for review" (Matter of Jace N. [Jessica N.], 168 AD3d 1236, 1237 n 1 [2019], lv denied 32 NY3d 918 [2019]).