Matter of Joseph PP. (Kimberly QQ.) (2019 NY Slip Op 09347)





Matter of Joseph PP. (Kimberly QQ.)


2019 NY Slip Op 09347


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

528395

[*1]In the Matter of Joseph PP., a Neglected Child. Sullivan County Department of Social Services, Respondent; Kimberly QQ., Appellant.

Calendar Date: November 21, 2019

Before: Garry, P.J., Egan Jr., Lynch and Devine, JJ.


Ivy M. Schildkraut, Rock Hill, for appellant.
Sullivan County Department of Social Services, Monticello (Constantina Hart of counsel), for respondent.
Marcia Heller, Rock Hill, attorney for the child.



Garry, P.J.
Appeal from an order of the Family Court of Sullivan County (McGuire, J), entered December 18, 2018, which, in a proceeding pursuant to Family Ct Act articles 10 and 10-A, modified the permanency plan of the subject child.
Respondent is the mother of the subject child (born in 2015), who has been in petitioner's custody since May 2017. A temporary order of protection, issued in March 2017, prohibited respondent's former boyfriend from contact with respondent and the child. In May 2017, the child was present when respondent and the boyfriend fought with one another. Respondent was arrested and charged with endangering the welfare of a child. Petitioner then commenced this neglect proceeding. After a fact-finding hearing, Family Court granted the petition and adjudicated the child to be neglected by respondent. Upon respondent's appeal, this Court affirmed (172 AD3d 1478 [2019]).
In October 2018, petitioner filed a permanency hearing report seeking to change the permanency goal for the child from reunification with respondent to placement for adoption. Petitioner stated that it intended to commence a proceeding to terminate respondent's parental rights. Respondent opposed the change. Following the ensuing permanency hearing, Family Court issued a permanency order that modified the permanency goal from reunification with respondent to placement for adoption. The court stated that no proceeding to terminate respondent's parental rights would be commenced at that time, continued respondent's supervised visitation, and directed petitioner to continue to provide respondent with services and to make diligent efforts to strengthen the parental relationship. Respondent appeals.[FN1]
Although this issue was not raised by the parties, we find that Family Court erred in modifying the permanency goal to placement for adoption without directing petitioner to commence a proceeding to terminate respondent's parental rights. Family Ct Act § 1089 (d) (2) (i) provides that a court may impose one of five specified permanency goals, including "placement for adoption with the local social services official filing a petition for termination of parental rights" (Family Ct Act § 1089 [d] [2] [i] [B] [emphasis added]). Nothing in the statutory language permits a permanency goal of placement for adoption to be imposed in the absence of a concurrent petition to terminate the respondent's parental rights. Further, the statute does not permit "the court [to] select and impose on the parties two or more goals simultaneously" (Matter of Dakota F. [Angela F.], 92 AD3d 1097, 1099 [2012]; see Matter of Timothy GG. [Meriah GG.], 163 AD3d 1065, 1067 [2018], lv denied 32 NY3d 908 [2018]; Matter of Julian P. [Melissa P.-Zachary L.], 106 AD3d 1383, 1384 [2013]).
Here, in addition to stating that the permanency goal was being changed to placement for adoption and that no immediate termination proceeding would be commenced, Family Court also stated that another permanency hearing would be scheduled in six months and that it was the court's "expectation and hope" that the goal could be changed back to reunification at that time. The express language of the permanency order imposes only one goal. However, the effect of the failure to commence termination proceedings and the court's directions to petitioner regarding services and diligent efforts was to impose two concurrent, contradictory goals of placement for adoption and reunification. "Petitioner cannot reasonably work toward the goal of placing the child for adoption — which, pursuant to the statute, requires petitioner to file a petition to terminate respondent's parental rights — while at the same time trying to return the child to his parent" (Matter of Dakota F. [Angela F.], 92 AD3d at 1099 [internal citations omitted]). We recognize the court's apparent intent, that is, to encourage respondent to make further efforts to progress toward reunification with the child. Nonetheless, the statutory language does not permit the method used to advance that purpose. Accordingly, we must remit for further proceedings (see Matter of April WW. [Kimberly WW.], 133 AD3d 1113, 1119 [2015]; Matter of Dakota F. [Angela F.], 92 AD3d at 1099). The parties' remaining contentions are rendered academic by this determination.
Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's determination.



Footnotes

Footnote 1: The parental rights of the child's father were terminated in August 2019. The father's appeal is pending.